**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
In re:

       **4921 12ᵗʰ AVENUE LLC**,         Chapter 11

                                         Case No. 18-47256-cec

                         Debtor.
-----------------------------------------------------------X


**NOTICE OF APPLICATION TO EMPLOY AND RETAIN BALISOK & KAUFMAN PLLC AS ATTORNEYS FOR THE DEBTOR, NUNC PRO TUNC, AS OF THE FILING DATE**

       PLEASE TAKE NOTICE that upon the annexed Motion of Debtor, the undersigned will present the attached proposed order to the Honorable Carla E. Craig, United States Bankruptcy Judge, to consider to the motion for an order granting relief as follows:

- Application to employ and retain Balisok & Kaufman PLLC.

       **Date and time of hearing: <u>MARCH 13, 2019 at 3:00 p.m.</u>**

                   **Location:**     **U.S. Bankruptcy Court**
                                  **271-C Cadman Plaza East**
                                  **Brooklyn, New York 11201**
                                  **Courtroom #3529.**


Dated: Brooklyn, New York        /s/ *Joseph Y Balisok*
      February 15, 2019              Joseph Y. Balisok
                                 Balisok & Kaufman, PLLC
                                  Attorney for the Debtor
                                  251 Troy Avenue
                                  Brooklyn, NY 11213
                                  Telephone: (718) 928-9607
                                  Facsimile: (718) 534-9747
                                  joseph@lawbalisok.com
                                  *Proposed Attorneys for the Debtor and*
                                  *Debtor-in-Possession*

To:

Rachel Wolf, Esq.
Office of the United States Trustee
201 Varick Street, Suite 1006
New York, NY 10014

Attn: President
Galster Funding LLC
9 East 45th St., 9th Floor
New York, NY 10017

Galster Funding LLC
c/o Harry Zubli, Esq.
1010 Northern Blvd., Suite 310
Great Neck, NY 11021

David K. Fiveson, Esq.
Butler, Fitzgerald, Fiveson & McCarthy PC
9 East 45th Street, 9th Floor
New York, NY 10017

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
In re:

       **4921 12th AVENUE LLC**,           Chapter 11

                                           Case No. 18-47256-cec

                         Debtor.
----------------------------------------------------------X

### APPLICATION TO EMPLOY AND RETAIN BALISOK & KAUFMAN PLLC AS ATTORNEYS FOR THE DEBTOR, NUNC PRO TUNC, AS OF THE FILING DATE

**TO:   THE HONORABLE CARLA E. CRAIG,**
       **UNITED STATES BANKRUPTCY JUDGE:**

4921 12th Avenue LLC, the above-captioned debtor and debtor-in-possession (the "Debtor"), hereby submits this application (the "Application") seeking entry of an order authorizing the Debtor's retention of Balisok & Kaufman, PLLC ("BK") as his attorneys. In support of its Application, the Debtor respectfully alleges as follows:

### JURISDICTION

1.     The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.     The statutory basis for the relief requested herein are sections 105(a), 363(b), 507(a)(3) and 507(a)(4) of title 11 of the United States Code, 11 U.S.C., et seq. (the "Bankruptcy Code").

### BACKGROUND

3.     On December 20, 2018, (the "Filing Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

3

4.      The Debtor has continued in possession of its property and the management of its

business affairs as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy

Code. No trustee, examiner or statutory committee has been appointed.

### RELIEF REQUESTED

5.      The Debtor seeks to retain BK as its attorneys to file and prosecute its

Chapter 11 case and all related matters, effective as of the Filing date. Accordingly, the Debtor

requests entry of an order in substantially the form annexed hereto as **Exhibit "B"** and pursuant

to Bankruptcy Code §327(a) and Bankruptcy Rule 2014(a) authorizing the Debtor to employ and

retain BK as its attorneys to perform services necessary in the Chapter 11 case.

6.      The professional services BK will render to the Debtor include the following:

a.      To give advice to the Debtor with respect to its powers and duties as Debtor-in-Possession and the continued management of its property and affairs.

b.      To negotiate with creditors of the Debtor and work out a plan of reorganization and take the necessary legal steps in order to effectuate such a plan including, if need be, negotiations with the creditors and other parties in interest.

c.      To prepare the necessary answers, orders, reports and other legal papers required for the Debtor who seeks protection from its creditors under Chapter 11 of the Bankruptcy Code.

d.      To appear before the Bankruptcy Court to protect the interest of the Debtor and to represent the Debtor in all matters pending before the Court.

e.      To attend meetings and negotiate with representatives of creditors and other parties in interest.

f.      To advise the Debtor in connection with any potential refinancing of secured debt and any potential sale of the business.

g.      To represent the Debtor in connection with obtaining post-petition financing.

h.      To take any necessary action to obtain approval of a disclosure statement and confirmation of a plan of reorganization.

      i.      To perform all other legal services for the Debtor which may be necessary for the preservation of the Debtor's estate and to promote the best interests of the Debtor, its creditors and its estate.

8.      The Debtor has selected BK for the reason that BK's attorneys have had extensive experience representing debtors in proceedings before this Court and are well suited to represent the Debtor in the instant proceedings.

9.      It is necessary for the Debtor to employ BK for such professional services pursuant to §327 of the Bankruptcy Code.

10.      To the best of the Debtor's knowledge, BK has no connection with the creditors or any other party in interest or their attorneys. The affidavit of Joseph Y. Balisok, Esq. (the "Balisok Affidavit") as to his disinterestedness is annexed hereto as **Exhibit "A**."

11.      To the best of the Debtor's knowledge, BK does not hold or represent any interest adverse to the Debtor's estate, BK is a "disinterested person" as defined in Bankruptcy Code §101(14), and BK's employment is necessary and in the best interest of the Debtor and its estate.

12.      Subject to Court approval, compensation will be paid to BK for services provided on an hourly basis plus reimbursement of actual, necessary expenses incurred. BK Bankruptcy Practice Group's 2018 hourly rates for matters related to these Chapter 11 proceedings are as follows:

      Attorneys - $350.00 to $500.00 per hour
      Law Clerks/Paralegals - $175.00 per hour

13.      The hourly rates above are subject to periodic adjustment to reflect economic and other conditions. The hourly rates above are standard, if not below standard, rates for work of this nature. These rates are designed to fairly compensate BK for the work of its attorneys and paralegals and to cover fixed routine overhead expenses.

14.     Prior to the Chapter 11 filing, BK received a retainer from the Debtor in the amount of $10,000.00. Such payment was not on account of any pre-petition debt owed to BK.

15.     BK will be paid for the legal services rendered upon application duly filed with this Court pursuant to Bankruptcy Code §330 and pursuant to the procedures established by the Order Pursuant to 11 U.S.C. Sections 105(a) and 331 Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals as may be further entered by this Court.

16.     The Debtor desires to employ BK pursuant to Bankruptcy Code §327 because of the extensive legal services, which are required and indeed are anticipated for a successful reorganization under Chapter 11 of the Bankruptcy Code.

**WHEREFORE**, the Debtor prays for an Order of this Court authorizing it to employ and appoint Balisok & Kaufman, PLLC to represent it in this proceeding under Chapter 11 of the Bankruptcy Code, nunc pro tunc, as of the Filing Date, together with such other and further relief as appears just to this Court, for all of which no previous application has been made.

Dated:  Brooklyn, New York
        February 15, 2019                DEBTOR


                        By: /s/ *Yehuda Salamon*
                          Yehuda Salamon, President

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
In re:

      **4921 12th AVENUE LLC**,          Chapter 11

                                  Case No. 18-47256-cec

                    Debtor.
-----------------------------------------------------------X

**AFFIDAVIT OF JOSEPH Y. BALISOK IN SUPPORT OF APPLICATION TO**
**EMPLOY AND RETAIN BALISOK & KAUFMAN PLLC AS ATTORNEYS**
**FOR THE DEBTOR, NUNC *PRO TUNC*, AS OF THE FILING DATE**

STATE OF NEW YORK     )
                         ) ss.:
COUNTY OF KINGS       )

      JOSEPH Y. BALISOK, being duly sworn, deposes and says:

1.   I am an attorney duly admitted to practice before this Court and a partner of the firm Balisok & Kaufman PLLC, ("BK"), 251 Troy Avenue, Brooklyn, NY 11213.

2.   I submit this Affidavit in support of the Application of 4921 12th Avenue LLC, the above-captioned debtor and debtor-in-possession (the "Debtor") to Employ and Retain BK as Attorneys for the Debtor in connection with the above-captioned Chapter 11 case on the terms set forth in the accompanying Application.

3.   Neither I, nor BK or any attorney at BK has any connection with the Debtor, its creditors, or any other party in interest herein or their respective attorneys.

4.   Furthermore, neither I nor BK or any attorney at BK is a pre-petition creditor of the Debtor.

5.   Based upon all of the foregoing, I respectfully submit that BK does not hold nor represent any interest adverse to the Debtor herein or its estate, in the matters upon which they are to be engaged.

8

6.  BK shall make proper application to the Court for compensation for the services rendered to the Debtor in this proceeding pursuant to § 330 of the Bankruptcy Code and pursuant to the procedures established by the order pursuant to 11 U.S.C. Sections 105(a) and 331 Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals as may be further entered by this Court.

## Disinterestedness

7.  To the best of my knowledge, the law firm of Balisok & Kaufman PLLC is a disinterested person within the meaning of § 101(14) of the Bankruptcy Code in that its members and associates (a) are not creditors, equity security holders or insiders of the Debtor, (b) are not and were not within two years before the Filing Date a director, officer or employee of the Debtor, (c) do not have an interest materially adverse to the interest of the estate, or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

## Disclosure Procedures

8.  In preparing this affidavit, a conflict search was conducted which compared a list of the Debtor's known creditors, members, directors, officers, debtors, and financial institutions, and the U.S. Trustee for Region 2, and members of his office (the "Potential Party List") against BK's database of all existing and prior matters and contacts (the "Database"). No parties on the Potential Party List were identified by Deponent as current or former clients of the firm, or in any way related, such that BK could not be opposed to them.

9. Insofar as I have been able to ascertain, BK is a disinterested party within the meaning of section 101(14) of the Bankruptcy Code, holds nor represents any adverse interest to and has no connections to the Debtor, the Debtor's estate, its creditors or any other party in interest herein or their respective attorneys and accountants with respect to matters for which BK is to be engaged, other than as specifically set forth above.

10. BK is not aware of any past or present relationship that would disqualify BK from representing the Debtor.

**<u>Billing Rates</u>**

11. BK's billing rates for 2018 are as follows:

> Attorneys - $350.00 to $500.00 per hour
> Law Clerks/Paralegals - $175.00 per hour

12. BK shall promptly notify the Debtor, with a copy to the Office of the U.S. Trustee, of all changes in BK's billing rates.

13. BK received a pre-petition retainer from the Debtor in the total amount of $10,000.00 None of the pre-petition retainer was paid towards or on account of any antecedent debt owed to the Deponent's firm by the Debtor within Bankruptcy Code §547 period. Furthermore, no payments other than the pre-petition retainer were received by Deponent's firm within the Bankruptcy Code §547 period. Accordingly, Deponent submits that the pre-petition retainer received by Deponent's firm is not a preferential or otherwise avoidable payment and that neither Deponent nor Deponent's firm holds nor represents any adverse interest to the Debtor or its estate on matters in which Deponent seeks to be retained.

14. This retainer shall be applied towards Chapter 11 fees and expenses, and is therefore not to be considered an "evergreen retainer" as such term is more commonly known.

15. BK has agreed not to share compensation received in connection with the Debtor's

proceeding with any other entity, except as permitted under the Bankruptcy Code for

sharing among members and associates of BK.


**WHEREFORE**, your Deponent respectfully requests the entry of the order annexed to

the Application as **Exhibit "B"**, together with such other and further relief as is proper.


/s/ *Joseph Y. Balisok*
Joseph Y. Balisok

Affirmed to before me this
5th day of February, 2019

/s/ *Jesse L. Kaufman*
Jesse L. Kaufman
Notary Public ~ State of New York

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:

      **4921 12th AVENUE LLC**,          Chapter 11

                                  Case No. 18-47256-cec

                 Debtor.
----------------------------------------------------------X

**ORDER AUTHORIZING AND APPROVING RETENTION OF BALISOK &
KAUFMAN PLLC AS ATTORNEYS FOR DEBTOR AND DEBTOR-IN-POSSESSION
NUNC PRO TUNC AS OF THE PETITION DATE**

    **UPON** the application, dated February 15, 2019 (the "Application"), of the above captioned debtor and debtor-in-possession (the "Debtor"), seeking to retain Balisok & Kaufman PLLC ("BK") as attorneys to the Debtor pursuant to § 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"); and upon the Affidavit of Joseph Y. Balisok, Esq. sworn to on February 5, 2019; and the Court having found that BK neither holds nor represents an interest adverse to the Debtor or its estate, is disinterested within the meaning of § 101(14) of the Bankruptcy Code, and that its employment is necessary and would be in the best interest of the estate, it is hereby

    **ORDERED** that the Application is granted as set forth herein; and it is further

    **ORDERED** that, pursuant to § 327(a) of the Bankruptcy Code, the Debtor is authorized to retain BK as its attorneys in this case, *nunc pro tunc* to December 20, 2018; and it is further

    **ORDERED** that the compensation and reimbursement of expenses of BK shall be sought upon, and paid only upon an order granting, a proper application pursuant to §§ 330 and 331 of the Bankruptcy Code, as the case may be, and the applicable Bankruptcy Rules, Local Rules and fee and expense guidelines and orders of this Court; and it is further

**ORDERED** that prior to any increases in BK rates, BK shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee and any official committee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court; and it is further

**ORDERED**, that BK shall apply any remaining amounts of its prepetition retainer as a credit toward post-petition fees and expenses, after such post-petition fees and expenses are approved pursuant to the first Order of the Court awarding fees and expenses to BK; and it is further

**ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

**ORDERED** that if there is any inconsistency between the terms of this Order, the Application, and the supporting Affidavit, the terms of this Order shall govern.

NO OBJECTION:

_____
U.S. Trustee




_____
Hon. Carla E. Craig
U.S. Chief Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
In re:

       **4921 12th AVENUE LLC**,         Chapter 11

                                 Case No. 18-47256-cec

                 Debtor.
---------------------------------------------------------X

**CERTIFICATE OF SERVICE**

STATE OF NEW YORK    )
                       ) ss: Brooklyn
COUNTY OF KINGS     )

     I, Joseph Y. Balisok, hereby declare, under penalty of perjury under the laws of the United States of America, and pursuant to 28 U.S.C. § 1746, that on Friday, February 15, 2019, I caused to be served a copy of 1) **NOTICE OF APPLICATION TO EMPLOY AND RETAIN BALISOK & KAUFMAN PLLC AS ATTORNEYS FOR THE DEBTOR, NUNC PRO TUNC, AS OF THE FILING DATE**, by regular mail upon each of the parties listed on the "service-list" below by depositing true copies of same in sealed envelopes, with postage pre-paid thereon, in an official depository of the United States Postal Service within the borough of Brooklyn, in the City and State of New York.

Dated: Brooklyn, New York         Respectfully submitted,
       February 15, 2019

                              /s/ *Joseph Y. Balisok*
                              Joseph Y. Balisok
                              Balisok & Kaufman, PLLC
                              Attorneys for Debtor
                              251 Troy Avenue
                              Brooklyn, NY 11213
                              Tel. No. (718) 928-9607
                              Fax No. (718) 534-9747
                              Email: joseph@lawbalisok.com

## Service List

Rachel Wolf, Esq.
Office of the United States Trustee
201 Varick Street, Suite 1006
New York, NY 10014

Attn: President
Galster Funding LLC
9 East 45th St., 9th Floor
New York, NY 10017

Galster Funding LLC
c/o Harry Zubli, Esq.
1010 Northern Blvd., Suite 310
Great Neck, NY 11021

David K. Fiveson, Esq.
Butler, Fitzgerald, Fiveson & McCarthy PC
9 East 45th Street, 9th Floor
New York, NY 10017