UNITED STATES BANKRUPTCY COURT      **Hearing Date: March 20, 2019**
EASTERN DISTRICT OF NEW YORK      **Hearing Time: 3:00 p.m.**
-----------------------------------------------------------x
In re:      Chapter 11

4921 12th Avenue LLC,      Case No. 18-47256 (CEC)


            Debtor.
-----------------------------------------------------------x



## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE UNITED STATES TRUSTEE TO DISMISS THIS CHAPTER 11 CASE OR, IN THE ALTERNATIVE, CONVERT CHAPTER 11 CASE TO CHAPTER 7










**WILLIAM K. HARRINGTON**
**UNITED STATES TRUSTEE**
**FOR REGION 2**
201 Varick Street, Suite 1006
New York, New York 10014
Tel. No. (212) 510-0500
Fax No. (212) 668-2255


Rachel Wolf, Esq.
Of Counsel

William K. Harrington, United States Trustee for Region 2 (the "United States Trustee"), respectfully submits this memorandum in support of his motion (the "Motion") for an order, pursuant to 11 U.S.C. § 1112(b), dismissing the chapter 11 case of 4921 12th Avenue LLC (the "Debtor") or, in the alternative, converting the Debtor's chapter 11 case to one under chapter 7.

## I.  **INTRODUCTION**

The Debtor's case should be dismissed because the Debtor has failed to meet its basic obligations as a debtor-in-possession.  The Debtor has failed to maintain appropriate insurance, and timely provide information and attend meetings reasonably requested by the United States Trustee, all of which constitute cause for dismissal under sections 1112(b)(4)(C) and (H), respectively.  The Debtor's secured creditors can exercise their rights outside of Bankruptcy Court and there are no unsecured creditors to benefit from a liquidation of the estate.  The Court should, therefore, dismiss this case.

## II.  **STATEMENT OF FACTS**

**Procedural History**

1.      On December 20, 2018 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  ECF Doc. No. 1.

2.      The United States Trustee was unable to form an unsecured creditors' committee in the Debtor's case.  See Declaration of Rachel Wolf in Support of the Motion (the "Wolf Decl."), dated February 21, 2019, ¶ 3.

3.      The United States Trustee has not appointed a trustee, and the Debtor remains in control and possession of its assets as a debtor-in-possession.  See Wolf Decl., ¶ 4.

**Assets and Liabilities**

4.      The Debtor purports to own real property located at 4921 12th Avenue, Brooklyn, New York 11219 (the "Property"), with a value of $10,000,000.00.  ECF Doc. No. 18, Schedule A/B.  The Debtor did not schedule personal property.  Id.

5.      The Debtor scheduled two secured claims encumbering the Property in the aggregate amount of $20,000,000.00, scheduled one priority claim of the Internal Revenue Service (the "IRS") in the amount of $32,200.00, and did not schedule any general unsecured claims.  Id., Schedules D, E/F.

6.      No order establishing the last day to file claims has been entered in the Debtor's case.  See Wolf Decl., ¶ 7.

7.      To date, the Claims Register contains two claims filed against the Debtor in the aggregate amount of $13,532,200.00.  See Claims Register, Claim Nos. 1-2; see also Wolf Decl., ¶ 8.

**Deficiencies in Debtor's Case**

8.      On December 21, 2018, the United States Trustee sent a letter (the "December 21st Letter") through email to Ted Donovan, Esq. ("Donovan"), who filed the Petition on behalf of the Debtor, and enclosed a copy of the United States Trustee Operating Guidelines (the "Guidelines").  See Wolf Decl., ¶ 9.  On February 21, 2019, the United States Trustee forwarded the December 21st Letter to counsel of record, Joseph Balisok, Esq. ("Balisok" or "Counsel"). Id.  The Guidelines outline the requirements for debtors-in-possession, including the obligation to provide proof of insurance.  Id.

9.      By email to Balisok, dated January 31, 2019, the Office of the United States Trustee, 1) scheduled a telephonic initial debtor interview, in accordance with section 1116(2) of

the Bankruptcy Code, for February 14, 2019 at 9:00 a.m. (the "Initial Debtor Interview") and 2) requested that the Debtor produce several documents, including proof of insurance and proof of opening a debtor-in-possession bank account.  The Debtor failed to appear at the Initial Debtor Interview.  See Wolf Decl., ¶ 10.

10.     The meeting of creditors pursuant to 11 U.S.C. § 341 (the "Meeting of Creditors") was initially scheduled for January 25, 2019 at 12:00 P.M.  ECF Doc. No. 6; Wolf Decl., ¶ 11. The United States Trustee adjourned the Meeting of Creditors to February 27, 2019 at 10:00 A.M.  Id.

11.     On January 17, 2019, the United States Trustee contacted Balisok via email again requesting proof of insurance.  See Wolf Decl., ¶ 12.

12.     To date, the Debtor has failed to provide the United States Trustee with proof of insurance and proof of the opening of a debtor-in-possession bank account.  See Wolf Decl., ¶ 13.

13.     As of this date, the Debtor has failed to file its December 2018 and January 2019 monthly operating reports, which are currently past due.  See Wolf Decl., ¶ 14.  The February 2019 monthly operating report is due prior to the return date of this Motion.  Id.

### III. ARGUMENT

**A.     There is Cause to Convert or Dismiss this Case under 11 U.S.C. § 1112(b).**

Section 1112(b) provides, in part, that:

(1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1) (2010).

Section 1112(b)(4) lists provides fifteen examples of cause, including:

> (C)    failure to maintain appropriate insurance that poses a risk to the estate or to the public;
>
> \*\*\*
>
> (F)    unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter; [and]
>
> \*\*\*
>
> (H)    failure timely to provide information or attend meetings reasonably requested by the United States trustee.

11 U.S.C. § 1112(b)(4).

The list of factors is nonexclusive.  In re The 1031 Tax Group, LLC, 374 B.R. 78, 93 (Bankr. S.D.N.Y. 2007).  See also In re State Street Assoc., L.P., 348 B.R. 627, 639 (Bankr. N.D.N.Y. 2006) (noting in pre-BAPCPA case that amended section 1112(b) contains non-exclusive factors to be considered in determining whether cause exists to convert or dismiss a case).  A party need not demonstrate that all the elements of "cause" can be met.  See In re TCR of Denver, LLC, 338 B.R. 494, 500 (Bankr. D. Colo. 2006).  The bankruptcy court has wide discretion to determine if cause exists and how to ultimately adjudicate the case.  1031 Tax Group, 374 B.R. at 93; cf. In re C-TC 9th Ave. P'ship, 113 F.3d 1304, 1311 (2d Cir. 1997) (bankruptcy court may dismiss a chapter 11 case based upon a finding that the petition was filed in "bad faith" even without considering factors under section 1112(b)).

**1.    The Debtor Failed to Provide Proof of Insurance.**

The failure to maintain appropriate insurance constitutes cause for the dismissal of the Debtor's case.  11 U.S.C. § 1112(b)(4)(C); Derivium Capital LLC v. U.S. Trustee (In re Derivium Capital LLC), 2006 WL 1317021 (S.D.N.Y. May 12, 2006) (lack of insurance was one factor supporting court's decision to convert case to chapter 7); In re Daniels, 362 B.R. 428 (Bankr. S.D. Iowa 2007) (attorney's failure to maintain malpractice insurance was cause to

convert case to one under chapter 7).  Despite the repeated requests of the United States Trustee,

the Debtor failed to provide the United States Trustee with proof of insurance.  See Wolf Decl.,

¶¶ 9, 12.  Therefore, cause exists to dismiss the Debtor's case under 11 U.S.C. § 1112(b)(4)(C).

In addition, the United States Trustee's request for proof of insurance was reasonable, and the

Debtor failed to comply.  Therefore, cause exists to convert or dismiss the Debtor's case under

section 1112(b)(4)(H).

### 2.    The Debtor Has Failed to File Monthly Operating Reports.

As of this date, the Debtor has failed to file its December 2018 and January 2019 monthly

operating reports, which are currently past due.  See Wolf Decl., ¶ 14.  The February 2019

monthly operating report is due prior to the return date of this Motion.  Id.  Pursuant to E.D.N.Y.

LBR 2015-1, the Debtor is required to file monthly operating reports for each and every month

that the Debtor is in chapter 11.  See E.D.N.Y. LBR 2015-1.  The reports must be filed no later

than the twentieth day of the following month.  Id.

The Debtor's failure to timely file monthly operating reports demonstrates a disregard for

its responsibilities as a debtor-in-possession.  See In re Marvel Entertainment, Inc., 140 F.3d 463,

474 (3d Cir. 1998) (debtors have a fiduciary duty of open, honest and straightforward disclosure

to the Court and creditors).  The Debtor's failure to fulfill its fiduciary obligations denies

creditors access to important financial information regarding the Debtor's financial affairs.

"Timely and accurate financial disclosure is the lifeblood of the Chapter 11 process."  In re

Berryhill, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991) (failure to file operating reports constitutes

cause for dismissal or conversion of chapter 11 proceeding); see also In re Roma Group, Inc.,

165 B.R. 779, 780 (S.D.N.Y. 1994) (citing In re Berryhill); In re Tornheim, 181 B.R. 161, 164

(Bankr. S.D.N.Y. 1995) (debtors' failure to file reports for ten months warranted conversion or dismissal).

In this case, the Debtor's failure to timely file monthly operating reports has deprived the Court, the United States Trustee and creditors of the ability to adequately monitor this case.  The Debtor's unexcused failure to timely file these operating reports constitutes cause for the dismissal or conversion of the Debtor's case.  See 11 U.S.C. § 1112(b)(4)(F).

3.    **The Debtor Has Failed Provide Proof that It Opened a Debtor-In-Possession Bank Account**.

The Debtor has failed to produce documents to the United States Trustee indicating it has opened a debtor-in-possession bank account.  See Wolf Decl., ¶ 13.  Section 345 of the Bankruptcy Code requires that a debtor deposit its money in a bonded bank account.  11 U.S.C. § 345.  The Debtor's failure to comply with section 345 constitutes cause for the dismissal of the case.  See e.g. In re Columbia Gas Sys. Inc., 33 F.3d 294 (3d Cir. 1994) (requirement of section 345 is mandatory).  The United States Trustee's request for documents indicating that the Debtor has opened a debtor-in-possession bank account was reasonable and the Debtor failed to comply.  Therefore, there is cause to dismiss the Debtor's case under section 11 U.S.C. § 1112(b)(4)(H).

4.    **The Debtor Failed to Appear at the Initial Debtor Interview.**

The Debtor failed to appear for the initial debtor interview with the United States Trustee, which was scheduled for July 29, 2015.  See Wolf Decl., ¶ 11.  The United States Trustee conducts initial debtor interviews in all chapter 11 cases.  Under section 1112(b), the Debtor's failure to attend meetings reasonably requested by the United States Trustee constitutes cause for conversion or dismissal.  11 U.S.C. § 1112(b)(4)(H).  The Debtor's failure to attend the initial debtor interview, therefore, constitutes cause for dismissal of the Debtor's case.

**B.     There are No Unusual Circumstances Establishing that Conversion or Dismissal is not in the Best Interests of Creditors and the Estate.**

Under section 1112(b)(2), after the movant shows cause, the burden shifts to the debtor and other parties in interest to show that there are "unusual circumstances establishing that conversion or dismissal is not in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(2). See also In re Gateway Access Solutions, Inc., 374 B.R. 556, 561 (Bankr. M.D. Pa. 2007) (after the movant shows cause, the burden shifts to the debtor to prove that there are unusual circumstances under section 1112(b)(2)).

Section 1112(b)(2) provides that:

(2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that --

(A) there is a reasonable likelihood that a plan will be confirmed within the time frames established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and

(B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)--

(i) for which there exists a reasonable justification for the act or omission; and

(ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2).

There are no unusual circumstances in this case that would establish that dismissal is not in the best interests of the creditors and the estate. There is also no likelihood of plan confirmation within a reasonable time.

**C.**      **Dismissal is in the Best Interests of Creditors and the Estate**.

Under 11 U.S.C. § 1112(b), the Court, in its discretion, must determine whether dismissal or conversion is in "the best interest of creditors and the estate."  11 U.S.C. § 1112(b)(1).  <u>See also</u> <u>In re Gonic Realty Trust</u>, 909 F.2d 624, 626-27 (1st Cir. 1990) (court has broad discretion to convert or dismiss a chapter 11 case).  The Debtor's secured creditors can exercise their rights outside of Bankruptcy Court and there are no unsecured creditors to benefit from a liquidation of the estate.  The Court should, therefore, dismiss this case.

## IV. <u>NOTICE</u>

The United States Trustee will serve the Notice of Motion, Declaration and this Memorandum of Law upon the Debtor, Debtor's counsel and any parties who have filed Notices of Appearance in the case.  Notice of the Motion will be sent to all creditors through the Bankruptcy Noticing Center.  The United States Trustee respectfully requests that this be deemed good and sufficient notice of the motion and the hearing scheduled herein, and that no other further notice is necessary or required.

## V.  <u>CONCLUSION</u>

Based on the foregoing, the United States Trustee respectfully requests that the Court enter an order granting this motion and dismissing this chapter 11 case or, in the alternative, converting the Debtor's chapter 11 case to one under chapter 7, and granting such other and further relief as is just and proper.

Dated: New York, New York
      February 21, 2019

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By: */s/Rachel Wolf*
Rachel Wolf, Esq.
Trial Attorney
201 Varick Street, Suite 1006
New York, New York 10014
Tel. No. (212) 510-0500
Fax No. (212) 668-2255