UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:

       **4921 12th AVENUE LLC,**             Chapter 11

                                              Case No. 18-47256-cec

                         Debtor.
--------------------------------------------------------X

### NOTICE OF DEBTOR'S APPLICATION FOR AN ORDER SETTING A DEADLINE FOR FILING PROOFS OF CLAIM AND APPROVING NOTICE THEREOF

      **PLEASE TAKE NOTICE** that upon the annexed Motion of Debtor and Debtor-in-Possession, the undersigned will present the attached proposed order to the Honorable Carla E. Craig, United States Chief Bankruptcy Judge, to consider the motion for an order granting relief as follows:

- Setting A Deadline for Filing Proofs of Claim and Approving Notice Thereof

      Date and time of hearing: **Wednesday, March 20, 2019 at 3:00 p.m. (EST)**

          Location:      **U.S. Bankruptcy Court**
                             **271-C Cadman Plaza East**
                             **Brooklyn, New York 11201**
                             **Courtroom #3529**

Dated: Brooklyn, New York        /s/ Joseph Y Balisok_____
       February 21, 2019             Joseph Y. Balisok
                                Balisok & Kaufman, PLLC
                                Attorney for the Debtor
                                251 Troy Avenue
                                Brooklyn, NY 11213
                                Telephone: (718) 928-9607
                                Facsimile: (718) 534-9747
                                joseph@lawbalisok.com
                                Proposed Attorneys for the Debtor and
                                Debtor-in-Possession

To:

Rachel Wolf, Esq.
Office of the United States Trustee
201 Varick Street, Suite 1006
New York, NY 10014

Attn: President
Galster Funding LLC
9 East 45th St., 9th Floor
New York, NY 10017

Galster Funding LLC
c/o Harry Zubli, Esq.
1010 Northern Blvd., Suite 310
Great Neck, NY 11021

David K. Fiveson, Esq.
Butler, Fitzgerald, Fiveson & McCarthy PC
9 East 45th Street, 9th Floor
New York, NY 10017

Balisok & Kaufman PLLC
251 Troy Avenue
Brooklyn, NY 11213
Phone: (718) 928-9607
Fax: (718) 534-9747
joseph@lawbalisok.com
Joseph Y. Balisok, Esq.
Proposed Attorneys for the Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
In re:

       **4921 12ᵗʰ AVENUE LLC**,               Chapter 11

                                      Case No. 18-47256 - cec
                       Debtor.
--------------------------------------------------------X

**DEBTOR'S APPLICATION FOR AN ORDER SETTING A DEADLINE FOR FILING**
**PROOFS OF CLAIM AND APPROVING NOTICE THEREOF**

**TO:    THE HONORABLE CARLA E. CRAIG,**
       **UNITED STATES CHIEF BANKRUPTCY JUDGE:**

    4921 12ᵗʰ Avenue LLC, the Debtor and Debtor-in-Possession herein (the "Debtor"), by

its proposed counsel, Balisok & Kaufman, PLLC, respectfully represents:

**SUMMARY OF REQUESTED RELIEF**

    1.      By this application (the "Application"), the Debtor seeks an Order, pursuant to 11

U.S.C. §§ 502(b)(9) and 1111(a) and Rule 3003(c)(3) of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), (a) setting Thursday, May 23, 2019 at 4:00 p.m.  as the

general deadline (the "General Bar Date") by which proofs of claim must be filed in the Debtor's

Chapter 11 case by all entities, other than governmental units, (b) setting the deadline for

governmental units as Monday, October 7, 2019 at 4:00 p.m. (the "Government Bar Date,"

together with the General Bar Date, the "Bar Dates"), and (c) approving the form and manner of notice of the Bar Dates.

## JURISDICTION AND STATUTORY BASES FOR REQUESTED RELIEF

2.      This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334.

3.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      This matter is a core proceeding pursuant to 28 U.S.C. § 157.

5.      The statutory bases for this Application are sections 502(b)(9) and 1111(a) of the Bankruptcy Code (title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*., the "Bankruptcy Code") and Bankruptcy Rule 3003(c)(3).

## BACKGROUND

6.      On December 20, 2018 (the "Petition Date"), the Debtor commenced its chapter 11 case in the Eastern District of New York by filing a petition (the "Petition") under chapter 11 of title 11, U.S. Code (the "Bankruptcy Code") as well as schedules of assets and liabilities and a statement of financial affairs (collectively, the "Schedules").

7.      The Debtor operates a business with a mailing address of 4921 12th Avenue, Brooklyn, NY 11219. The Debtor's principal assets are located at 4921 12th Avenue, Brooklyn, NY 11219, Block 5641, Lot 2 (the "Property").

8.      The Debtor commenced its chapter 11 case because of a pending foreclosure sale of the Property.

9.      The Debtor is authorized to remain in possession of its property and to continue in the operation and management of its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

10.      No official committee of unsecured creditors has yet been appointed by the Office

of the United States Trustee for the Eastern District of New York (the "U.S. Trustee").

**LEGAL BASIS FOR REQUESTED RELIEF**

11.      The filing of proofs of claim by non-governmental units in a chapter 11 case is

governed by Rule 3003(c)(3), which provides, in part, that "[t]he court shall fix and for cause

shown may extend the time within which proofs of claim . . . may be filed." The setting of a bar

date pursuant to Fed. Rule of Bank. Pro. Bankruptcy Rule 3003(c)(3) is within the discretion of

the Court. *In re Hooker Investments, Inc.*, 122 B.R. 659, 663 (S.D.N.Y. 1991).

12.      The filing of proofs of claim by governmental units in a chapter 11 case is

governed by 11 U.S.C. § 502(b)(9), which states in relevant part except as [otherwise] provided .

. . , if [an] objection to a claim is made, the court, after notice and a hearing, shall determine the

amount of such claim in lawful currency of the United States as of the date of the filing of the

petition, and shall allow such claim in such amount, except to the extent that . . . . (9) proof of

such claim is not timely filed, . . . except that a claim of a governmental unit shall be timely filed

if it is filed before 180 days after the date of the order for relief or such later time as the Federal

Rules of Bankruptcy Procedure may provide . . .

**REQUEST FOR RELIEF**

13.      The circumstances of the Debtor's Chapter 11 case justify the setting of the Bar

Date at this time. *See, e.g., Form of Order Scheduling Initial Case Management Conference

available at* https://www.nyeb.uscourts.gov/chapter-11-information.

14.      The Debtor respectfully requests the entry of the proposed Order, pursuant to

Sections 502(b)(9) and 1111(a) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3):

a. Setting Bar Dates for all creditors and providing notice of such Bar Dates substantially in the form attached hereto (the "Bar Date Notice"), as the deadline for filing proofs of claim against the Debtor arising before, or which may be deemed to have arisen before, the Petition Date ("Claims"), which Claims are based on any primary, secondary, direct, indirect, secured, unsecured, contingent, guaranty, or other liability of the Debtor, and (i) which Claims are not listed in the Schedules, or (ii) which Claims are listed in the Schedules but are listed in amounts with which the holders of said Claims do not agree, or (iii) which Claims are listed in the Schedules but are disputed as to amount or type, or (iv) which Claims are listed in the Schedules as contingent or unliquidated as to amount, except for claims arising from the rejection of any executory contracts or unexpired leases;

b. Providing for notice of the Bar Dates as proposed herein; and

c. Granting such other and further relief as is just and proper.

15.    The Debtor proposes that service of the requisite notice of the Bar Dates (the "Bar Date Notice") be required to be made on or before April 8, 2019, in the manner more fully described below. Since the Proposed Order fixing the Bar Dates (the "Bar Date Order"), annexed as Exhibit 1 to the Proposed Order, is being filed with the Court and served upon the US Trustee, the Debtor requests that (a) Thursday, May 23, 2019 at 4:00 p.m. be fixed as the General Bar Date, and (b) Monday, October 7, 2019 at 4:00 p.m. be fixed as the Government Bar Date. The Debtor will then be able to provide creditors, including governmental units, with the required notice period after service of the Bar Date Notice to file their respective Proofs of Claim. In view of the nature of this case, as well as the notice procedures set forth below, the Debtor respectfully submits that this time period is sufficient.

**FORM AND MANNER OF NOTICE OF THE BAR DATE**

16.     In addition to setting the Bar Dates, the Debtor requests that the proposed Bar

Date Order, annexed as Exhibit 1, authorize notice of the Bar Dates, whereby a copy of the Bar

Date Notice, substantially in the form annexed hereto as Exhibit 2, will be mailed, via first-class

mail to (i) all persons who, or entities which, have filed a notice of appearance and request for

service of papers in this Chapter 11 case under Bankruptcy Rule 2002 or 9010, and (ii) all known

creditors of the Debtor determined as of the Petition Date, and (iii) all parties to executory

contracts and unexpired leases.

17.     The proposed Bar Date Notice informs all entities of the existence of the Bar

Dates, their respective rights to file proofs of claim and the consequences of failing to file.

Therefore, the Debtor believes that the proposed Bar Date Notice is adequate.

## NOTICE

18.     Pursuant to Rule 2014-1 of the Local Bankruptcy Rules of this Court and

Administrative Order No. 556, dated March 29, 2010 (the "Administrative Order"), notice of this

Application is being given electronically to the U.S. Trustee and has been filed on the docket of

the Debtor's case. In light of the nature of the relief requested and it appearing that neither the

Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court or the Administrative

Order require further notice of a Bar Date application, the Debtor respectfully submits that no

further notice need be given.

## NO PRIOR APPLICATION

19.     No previous application for the relief herein requested has been made to this or

any other court.

**WHEREFORE**, the Debtor requests that an Order be entered substantially in the form of

the proposed Order annexed hereto as Exhibit 1, (i) setting the Bar Dates and (ii) approving, *inter*

*alia*, the Bar Date Notice annexed hereto as Exhibit 2, (iii) authorizing the Debtor to take all

actions and expend such funds as may be necessary to comply with the requirements of the Bar

Date Order and Bar Date Notice, and (iv) granting the Debtor such other and further relief as is

just and proper.

**BALISOK & KAUFMAN PLLC**

Dated: Brooklyn, New York

February 21, 2019

/s/ *Joseph Y Balisok*

Joseph Y. Balisok
251 Troy Avenue
Brooklyn, NY 11233
Tel: (718) 928-9607
Fax: (718) 534-9747
joseph@lawbalisok.com
*Proposed Attorneys for Debtor and*
*Debtor in Possession*

# EXHIBIT 1
# Proposed Bar Date Order

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
In re:

       **4921 12th AVENUE LLC,**                Chapter 11

                                      Case No. 18-47256 - cec

               Debtor.
-----------------------------------------------------------X

**ORDER ESTABLISHING DEADLINE FOR FILING PREPETITION PROOFS OF**
**CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon the application, dated February 21, 2019, of 4921 12th Avenue LLC, the Debtor and

Debtor-in-Possession (the "Debtor"), by its proposed attorney, Balisok & Kaufman PLLC, for an

order, pursuant to 11 U.S.C. §§ 502(b)(9) and 1111(a) and Federal Rule of Bankruptcy

Procedure ("Bankruptcy Rule") 3003(c)(3), fixing a deadline and establishing procedures for

pre-petition proofs of claim and approving the form and manner of service thereof; and it

appearing that the relief requested is in the best interests of the Debtor, its estate, and creditors

and that adequate notice has been given and that no further notice is necessary; and after due

deliberation and good and sufficient cause appearing therefor; it is hereby

**ORDERED**, that except as otherwise provided herein, all persons and entities,

(including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts,

but not governmental units) that assert a claim, as defined in § 101(5) of the Bankruptcy Code,

against the Debtor that arose on or prior to the Chapter 11 petition on December 20, 2018, (the

"Petition Date"), shall file a proof of such claim in writing so that it is received on or before

Thursday, May 23, 2019 at 4:00 p.m. Prevailing Eastern Time (the "General Bar Date"); and it is

further

**ORDERED**, that except as otherwise provided herein, all governmental units that assert a claim, as defined in § 101(5) of the Bankruptcy Code, against the Debtor that arose on or prior to the Petition Date, shall file a proof of such claim in writing so that it is received on or before Monday, October 7, 2019 at 4:00 p.m. Prevailing Eastern Time (the "Government Bar Date," together with the General Bar Date, the "Bar Dates"); and it is further

**ORDERED**, that the following procedures for the Petition of Proofs of Claim shall apply:

1. Proofs of Claim must conform substantially to Form No. 410 of the Official Bankruptcy Forms;

2. Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file proofs of claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system. Those without accounts to the CM/ECF system must file their proofs of claim by mailing or delivering the original proof of claim by hand to the United States Bankruptcy Court, Eastern District of New York, 271-C Cadman Plaza East, Brooklyn, NY 11201;

3. Proofs of Claim will be deemed filed only when received by the Clerk of the Bankruptcy Court on or before the Bar Date, as applicable;

4. Proofs of Claim must (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and (iv) be denominated in United States currency; and it is further

**ORDERED**, that the following persons or entities need not file a proof of claim on or prior to the Bar Date:

1. A person or entity that has already filed a proof of claim against the Debtor with the Clerk of the Bankruptcy Court for the Eastern District of New York in a form substantially similar to Official Bankruptcy Form No. 410;

2. A person or entity whose claim is listed on the Schedules if (i) the claim is not scheduled as "disputed," "contingent," or "unliquidated" and (ii) you do not disagree with the amount, nature and priority of the claim as set forth in the Schedules;

3. A holder of a claim that has previously been allowed by order of the Court;

4. A holder of a claim that has been paid in full by the Debtor;

5. A holder of a claim for which a specific deadline has previously been fixed by this Court; or

6. A holder of a claim allowable under § 503(b) and § 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtor's estates; and it is further

**ORDERED**, that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of this Order, must file a proof of claim based on such rejection on or before the earlier of (a) the Bar Date or (b) the date that is thirty (30) days after the date of the order authorizing such rejection or such other date as is set by the Court; and it is further

**ORDERED**, that holders of equity security interests in the Debtor need not file proofs of interest with respect to the ownership of such equity interests, provided, however, that if any such holder asserts a claim against the Debtor (including a claim relating to an equity interest or the purchase or sale of such equity interest), a proof of such claim must be filed on or prior to the Bar Date pursuant to the procedures set forth in this Order; and it is further

**ORDERED**, that if the Debtor amends or supplements the schedules of assets and liabilities or statement of financial affairs (collectively, the "Schedules") after the date hereof, the Debtor shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded the later of (a) thirty (30) days from the date of service of the notice or (b) the applicable Bar Date to file proofs of claim in respect of their claims or be barred from doing so, and shall be given notice of such deadline; and it is further

**ORDERED**, that nothing in this Order shall prejudice the right of the Debtor or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules; and it is further

**ORDERED**, that pursuant to 11 U.S.C. §§ 502(b)(9) or 1111(a) or Bankruptcy Rule 3003(c)(2), all holders of claims that fail to comply with this Order by timely Petition a proof of claim in appropriate form shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution; and it is further

**ORDERED**, that a copy of the notice substantially in the form annexed hereto and filed with this Court is approved and shall be deemed adequate and sufficient if served by first-class mail at least forty-five (45) days prior to the Bar Date on:

(a) the United States Trustee;

(b) counsel to each official committee;

(c) all persons or entities that have requested notice of the proceedings in the Chapter 11 cases;

(d) all persons or entities that have filed claims;

(e) all creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding Claims;

(f) all parties to executory contracts and unexpired leases of the Debtor;

(g) all parties to litigation with the Debtor;

(h) the Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units (a list of such agencies is available from the Office of the Clerk of the Court); and

(i) such additional persons and entities as deemed appropriate by the Debtor; and it is further

**ORDERED**, that any person or entity who desires to rely on the Schedules will have the responsibility for determining that the claim is accurately listed in the Schedules; and it is further

**ORDERED**, that the Debtor is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED**, that entry of this Order is without prejudice to the Debtor's right to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Date established herein must file such proofs of claim or interest or be barred from doing so.

SO ORDERED

_____

HON. CARLA E. CRAIG
U.S. CHIEF BANKRUPTCY JUDGE

# EXHIBIT 2
# Proposed Bar Date Notice

**General Bar Date: May 23, 2019 at
4:00 p.m. Prevailing Eastern Time
Government Bar Date: October 7, 2019 at
4:00 p.m. Prevailing Eastern Time**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------X

In re:

        **4921 12th AVENUE LLC**,        Chapter 11

                                       Case No. 18-47256 - cec

                        Debtor.

----------------------------------------------------------X

### <u>NOTICE OF DEADLINE REQUIRING FILING OF PROOFS OF CLAIM</u>

**TO:**    **ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST THE DEBTOR
LISTED ABOVE:**

The United States Bankruptcy Court for the Eastern District of New York has entered an

Order, dated March 20, 2019 (the "Bar Order"), establishing (a) Thursday, May 23, 2019 at 4:00

p.m. (Prevailing Eastern Time) (the "General Bar Date"), as the last date for each person or

entity (including individuals, partnerships, corporations, joint ventures, and trusts, but not

governmental units), and (b) Monday, October 7, 2019 at 4:00 p.m. (Prevailing Eastern Time)

(the "Government Bar Date," together with the General Bar Date, the "Bar Dates"), for all

creditors, and governmental units, respectively, to file a proof of claim against the Debtor listed

above (the "Debtor").

The Bar Dates and the procedures set forth below for filing proofs of claim apply to all

claims against the Debtor that arose prior to December 20, 2018 (the "Petition Date"), the date

on which the Debtor commenced its case under Chapter 11 of the United States Bankruptcy

Code, except for those holders of the claims listed in Section 4 below that are specifically excluded from the Bar Dates requirements.

**1. WHO MUST FILE A PROOF OF CLAIM?**

You MUST file a Proof of Claim to vote on a Chapter 11 plan filed by the Debtor or to share in distributions from the Debtor's bankruptcy estate if you have a claim that arose prior to the Petition Date, and it is not one of the types of claim described in Section 4 below. Claims based on acts or omissions of the Debtor that occurred before the Petition Date must be filed on or prior to the Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

**2. WHAT TO FILE?**

Your filed Proof of Claim must conform substantially to Official Bankruptcy Form No. 410. Proof of Claim forms may be obtained at

www.uscourts/gov/FormsAndFees/Forms/BankruptcyForms.aspx.

All proof of claim forms must be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. It must be written in English and be denominated in United States currency. You should attach to your completed proof of claim any

documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

Any holder of a claim against more than one Debtor must file a separate Proof of Claim with respect to each such Debtor and all holders of claims must identify on their Proof of Claim the specific Debtor against which their claim is asserted and the case number of that Debtor's bankruptcy case. The name of the Debtor and the case number is set forth in the case caption above.

Your proof of claim form must not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), a minor's name (only the initials), or a financial account number (only the last four digits of such financial account).

### 3. WHEN AND WHERE TO FILE?

All entities except governmental units Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) shall file proof of claim electronically on the Court's case Management/Electronic Case file ("CM/ECF") system. Entities without access to the CM/ECF System must file or deliver all original proofs of claim so as to be received on or before Thursday, May 23, 2019 at 4:00 p.m. (Prevailing Eastern Time) at the following address:

**United States Bankruptcy Court**
**Eastern District of New York**
**Conrad B. Duberstein U.S. Bankruptcy Courthouse**
**271-C Cadman Plaza East, Suite 1595**
**Brooklyn, NY 11201-1800**

**Governmental Units**

Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) shall file proof of claim electronically on the Court's case Management/Electronic Case file ("CM/ECF") system. Entities without access to the CM/ECF System must file or deliver all original proofs of claim so as to be received on or before Monday, October 7, 2019 at 4:00 p.m. (Prevailing Eastern Time) at the following address:

**United States Bankruptcy Court**
**Eastern District of New York**
**Conrad B. Duberstein U.S. Bankruptcy Courthouse**
**271-C Cadman Plaza East, Suite 1595**
**Brooklyn, NY 11201-1800**

<u>**For all entities**</u>

Proofs of claim will be deemed filed only when received by the Bankruptcy Court on or before the Bar Date. Proofs of claim may not be delivered by facsimile, telecopy or electronic mail transmission.

**4.    WHO NEED NOT FILE A PROOF OF CLAIM?**

You do not need to file a proof of claim on or prior to the Bar Date if you are:

a. A person or entity that has already filed a proof of claim against the Debtor with the Clerk of the Bankruptcy Court for the Eastern District of New York in a form substantially similar to Official Bankruptcy Form No. 410;

b. A person or entity whose claim is listed on the Schedules if (i) the claim is not scheduled as "disputed," "contingent," or "unliquidated" and (ii) you do not disagree with the amount, nature and priority of the claim as set forth in the Schedules;

c. A holder of a claim that has previously been allowed by order of the Court;

d. A holder of a claim that has been paid in full by the Debtor;

e. A holder of a claim for which a specific deadline has previously been fixed by this Court;

f. A holder of a claim allowable under § 503(b) and § 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtor's estate;

If you are a holder of an equity interest in the Debtor, you need not file a proof of interest with respect to the ownership of such equity interest at this time. However, if you assert a claim against the Debtor, including a claim relating to such equity interest or the purchase or sale of such interest, a proof of such claim must be filed on or prior to the Bar Date pursuant to procedures set forth in this Notice.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtor but may not have an unpaid claim against the Debtor. The fact that you have received this Notice does not mean that you have a claim or that the Debtor or the Court believe that you have a claim against the Debtor.

**5.  EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Any person or entity that has a claim arising from the rejection of an executory contract or unexpired lease, as to which the Order is dated after the date of entry of the Bar Order, must file a proof of claim with respect to such claim by the earlier of (a) the date fixed by the Court in the applicable order authorizing rejection of such contract or lease or (b) 30 days after the order authorizing such rejection.

**6.  CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE**

ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THIS ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY

FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE BARRED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTOR AND ITS CHAPTER 11 ESTATE, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED IN THIS CASE, AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTOR'S CASE ON ACCOUNT OF SUCH CLAIM.

**7. THE DEBTOR'S SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtor in the Debtor's Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules"). If you rely on the Debtor's Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.

As set forth above, if you agree with the nature, amount and status of your claim as listed in the Debtor's Schedules, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtor's Schedules are available for inspection on the Court's Internet Website: http://www.nyeb.uscourts.gov. A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access this information and can be obtained through the PACER Service Center: http://www.pacer.psc.uscourts.gov. Copies of the Schedules may also be examined between the hours of 9:00 A.M. and 4:30 P.M., Monday through Friday at the Office of the Clerk of the Bankruptcy Court, 271-C Cadman Plaza East, Brooklyn, NY 11201. Copies of the Debtor's Schedules may also be obtained by written request to Debtor's counsel at the address and telephone number set forth below.

A holder of a possible claim against the Debtor should consult an attorney regarding any matters not covered by this notice, such as whether the holder should file a proof of claim.

Dated:  Brooklyn, New York               Respectfully submitted,
        February 21, 2019


        /s/ *Joseph Y. Balisok*
        Joseph Y. Balisok
        Balisok & Kaufman, PLLC
        251 Troy Avenue
        Brooklyn, NY 11213
        Tel. No. (718) 928-9607
        Fax No. (718) 534-9747
        Email: joseph@lawbalisok.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
In re:

       **4921 12th AVENUE LLC**,          Chapter 11

                                        Case No. 18-47256-cec

                        Debtor.
----------------------------------------------------------X

## CERTIFICATE OF SERVICE

STATE OF NEW YORK     )
                          ) ss: Brooklyn
COUNTY OF KINGS      )

     I, Joseph Y. Balisok, hereby declare, under penalty of perjury under the laws of the United States of America, and pursuant to 28 U.S.C. § 1746, that on Thursday, February 21, 2019, I caused to be served a copy of 1) **Notice of debtor's application for an order setting a deadline for filing proofs of claim and approving notice thereof**, 2) **Debtor's application for an order setting a deadline for filing Proofs of claim and approving notice thereof,** 3) **Exhibit 1 & 2,** by regular mail upon each of the parties listed on the "Service-List" below by depositing true copies of same in sealed envelopes, with postage pre-paid thereon, in an official depository of the United States Postal Service within the Borough of Brooklyn, in the City and State of New York.

Dated: Brooklyn, New York
         February 21, 2019

                             Respectfully submitted,

                             /s/ *Joseph Y. Balisok*
                             Joseph Y. Balisok
                             Balisok & Kaufman, PLLC
                             251 Troy Avenue
                             Brooklyn, NY 11213
                             Tel. No. (718) 928-9607
                             Fax No. (718) 534-9747
                             Email: joseph@lawbalisok.com

## Service List

Rachel Wolf, Esq.
Office of the United States Trustee
201 Varick Street, Suite 1006
New York, NY 10014

Attn: President
Galster Funding LLC
9 East 45th St., 9th Floor
New York, NY 10017

Galster Funding LLC
c/o Harry Zubli, Esq.
1010 Northern Blvd., Suite 310
Great Neck, NY 11021

David K. Fiveson, Esq.
Butler, Fitzgerald, Fiveson & McCarthy PC
9 East 45th Street, 9th Floor
New York, NY 10017