

March 18, 2019

**VIA ECF**
Hon. Carla E. Craig
U.S. Bankruptcy Judge
271 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *4921 12th Avenue LLC* **(Case No.: 10-47256 (CEC))**
              <u>Debtor's Emergency Application for a TRO</u>

Dear Judge Craig:

      We represent Debtor in the above-captioned action. Last Friday, March 15, 2019, we submitted an Order to Show Cause to this Court requesting an Order of this Court: (1) determining that Creditor violated the automatic stay imposed by §362 of the Bankruptcy Code; (2) awarding Debtor actual and punitive damages for Creditor's violation of the automatic stay; and (3) staying all proceedings related to the state-court action styled *Galster Funding, LLC v. Yehuda Salamon, 4921 12th Avenue LLC, et. al.*, commenced on November 17, 2016 under Index number 520434/2016, including the contempt hearing against Debtor's principal, for violating the automatic stay. We now write to the Court to supplement that request.

      There is currently a state-court contempt hearing scheduled to proceed today, March 18, 2019, at 2:00 PM, against Debtor's principal. As set forth fully in our full application, the potential findings from this contempt hearing could have highly detrimental and prejudicial effects on Debtor, including collateral estoppel effects. Indeed, the entire litigation against Debtor and its principal—particularly with respect to alleged fraud by the principal on Debtor's behalf—presents unique circumstances inasmuch as, in this case, Debtor and the acts of its principal are inextricably intertwined with one another.

      We respectfully ask this Court to simply maintain the status quo by enjoining further prosecution of the contempt hearing and the entire Galster Fraud Action generally. *See* 11 U.S.C. § 105(a) (empowering this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy code); F.R.B.P. § 7065. While Section 105 is not limitless, *see Solow v. Kalikow (In re Kalikow)*, 602 F.3d 82, 95–96 (2d Cir. 2010), bankruptcy courts are empowered to utilize their equitable powers under section 105 "to facilitate the implementation of other Bankruptcy Code provisions." *Id*. (quoting *Bessette v. Avco Fin. Servs. Inc.*, 230 F.3d 439, 444 (1st Cir. 2000)).

      Here, to the extent that section 362(a) does not apply in its own right to stay the continuation of the contempt hearing, the damaging effects on Debtor's estate warrant extending the stay under section 105(a) of the Code and Second Circuit precedent. While section 362(a)(1) of the Code usually stays "proceeding[s] against the debtor," courts have regularly used section 105 to stay third-party actions against non-debtor entities "when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Queenie, Ltd. v.*

*Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003); *see also Nevada Power Co. v. Calpine Corp. (In re Calpine Corp.)*, 365 B.R. 401, 409 n. 20 (S.D.N.Y. 2007) ("Courts consistently have found that section 105 may be used to stay actions against non-debtors even where section 362 otherwise would not provide such relief . . . ."); *Fisher v. Apostolou*, 155 F.3d 876, 882 (7th Cir. 1998) ("The jurisdiction of the bankruptcy court to stay actions in other courts extends beyond claims by and against the debtor, to include suits . . . which may affect the amount of property in the bankrupt estate, or the allocation of property among creditors.") (internal citations and quotation marks omitted).

The decision in *Fisher*, relying on Second Circuit case law, is instructive. *See Fisher*, 155 F.3d at 878 ("[F]ollowing, by and large, the reasoning of the Second Circuit in *Bankers Trust Co. v. Rhoades*, 859 F.2d 1096 (2d Cir. 1988), we believe that the investors' claims . . . should be stayed pursuant to § 105...."). There, the Debtor was charged with running fraudulent scam "similar to a Ponzi scheme." *Id.* at 877–78. During the bankruptcy, several creditor-investors asserted separate fraud actions against Debtor's non-debtor accomplices; the court found that "the same limited pool of money, in the possession of the same defendants, as a result of the same acts, performed by the same individuals, [and] as part of the same conspiracy" warranted extension on the automatic stay. *Id.* at 882. After all, the court reasoned, the fraud claims might "affect the amount of property in the bankrupt estate, or the allocation of property among creditors," and were thus properly stayed. *Id.* at 882.

This case, like *Fisher*, presents a clear situation in which continued litigation on the Galster Fraud Action, especially the contempt hearing, will negatively impact assets of Debtor's estate, justifying extension of the automatic stay. The claims alleged against Debtor's principal arise from the same wrongs alleged against Debtor. The alleged wrongs were purportedly committed by the same defendants, in connection with the same fraudulent acts.

Moreover, this Court should enjoin further prosecution of the Galster Fraud Action, including the contempt hearing, because it threatens and interferes with this Court's exclusive jurisdiction over this matter. Under section 105, this Court has the power to "enjoin proceedings in other courts when it is satisfied that such a proceeding would defeat or impair its jurisdiction with respect to a case before it." *Johns–Manville Corp. v. Colorado Ins. Guar. Assoc. (In re Johns–Manville Corp.),* 91 B.R. 225, 228 (Bankr. S.D.N.Y. 1988) (quoting *LTV Steel Co., Inc. v. Board of Ed. of the Cleveland City Sch. Dist. (In re Chateaugay Corp.),* 93 B.R. 26, 29 (S.D.N.Y. 1988)); *see also Malm v. Goldin,* No. 92–Civ–8012 (LJF), 1993 WL 330489, at *2 (S.D.N.Y. Aug. 27, 1993); *Keene Corp. v. Coleman (In re Keene Corp.),* 164 B.R. 844, 849 (Bankr. S.D.N.Y. 1994); *AP Indus., Inc. v. SN Phelps & Co. (In re AP Indus., Inc.),* 117 B.R. 789, 802 (Bankr. S.D.N.Y. 1990).

This Court has sole jurisdiction over the administration and distribution of Debtor's estate assets. *Tennessee Student Assistance Corp. v. Hood,* 541 U.S. 440, 447, 124 S.Ct. 1905, 158 L.Ed.2d 764 (2004) ("Bankruptcy courts have exclusive jurisdiction over a debtor's property, wherever located, and over the estate.") (citing 28 U.S.C. § 1334(e)); *see also* 78 U.S.C. § 78eee(b)(2)(A)(i), (4) ("Upon the filing of an application with a court for a protective decree . . . such court shall have exclusive jurisdiction of such debtor and its property wherever located . . . ."). No matter how the Plaintiff in the Galster Fraud Action chooses to frame it, the entire lawsuit seeks to recover or restrict usage of funds that are part of Debtor's estate. This will inevitably

undermine this Court's jurisdiction by ultimately resulting in a state-court determination on how estate funds are distributed or used. *See AP Indus., Inc. v. SN Phelps & Co. (In re AP Indus., Inc.)*, 117 B.R. 789, 802 (Bankr. S.D.N.Y. 1990). ("[T]he possibility of inconsistent judgments warrants the issuance of an injunction enjoining Defendants from further prosecution of the New York Actions.").

For these reasons and the reasons fully set forth in Debtor's Order to Show Cause, Debtor respectfully asks this Court to issue a Temporary Restraining Order under 11 U.S.C. § 105(a) and F.R.B.P. § 7065 immediately staying further litigation of the entire Galster Fraud Action, including the contempt hearing schedule for today, March 18, 2019, at 2:00 PM.

We thank the Court for taking the time to consider this emergency application. Of course, should the Court have any questions, we are available at Your Honor's convenience.

Respectfully submitted,

/s/ *Joseph Y Balisok*

Joseph Y. Balisok
BALISOK & KAUFMAN, PLLC
251 Troy Avenue
Brooklyn, NY 11213
Telephone: (718) 928-9607
Facsimile: (718) 534-9747
Joseph@LawBalisok.com

cc.   All counsel of record (via ECF)
      U.S. Trustee (via ECF)