**B1040 (FORM 1040) (12/15)**

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br><br>4921 12th Avenue LLC | **DEFENDANTS**<br><br>Galster Funding, LLC |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br><br>Joseph Balisok         718-928-9607<br>Balisok & Kaufman PLLC    Joseph@lawbalisok.com<br>251 Troy Ave. Brooklyn, NY 11213 | **ATTORNEYS** (If Known)<br><br>Matthew Gordon         212-615-2200<br>Butler Fitzgerald Fiveson & McCarthy<br>9 E. 45th St. New York, NY 10017 |
| **PARTY** (Check One Box Only)<br>☒ Debtor          □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor       □ Other<br>□ Trustee | **PARTY** (Check One Box Only)<br>□ Debtor          □ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor       □ Other<br>□ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br><br>Sanctions for violation of automatic stay/ extension of automatic stay to Debtor's Principal<br>11 U.S.C. 362; id. 105; FRBP 7065 | |

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☒ 71-Injunctive relief – imposition of stay
☒ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>4921 12th Avenue LLC ||| BANKRUPTCY CASE NO.<br>1-18-47256-cec |
| DISTRICT IN WHICH CASE IS PENDING<br>E.D.N.Y. || DIVISION OFFICE | NAME OF JUDGE<br>Hon. Carla E. Craig |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*Joseph Y. Balisok* ||||
| DATE<br>March 19, 2019 ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Joseph Y. Balisok, Esq. |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**BALISOK & KAUFMAN, PLLC**
*Attorneys for Debtor-Plaintiff*
251 Troy Avenue
Brooklyn, NY 11213
Telephone: (718) 928-9607
Facsimile: (718) 534-9747
Joseph Y. Balisok, Esq.
Joseph@LawBalisok.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | : | |
| | : | |
| **4921 12th AVENUE LLC** | : | Chapter 11 |
| | : | Case No.: 1-18-47256-cec |
| Debtor. | : | Judge: Hon. Carla E. Craig |
| EIN: xx-xxx1630 | : | |
| | | |
| **4921 12th AVENUE LLC, as DEBTOR** | : | |
| | : | |
| Plaintiff, | : | |
| | : | Adv. Proc. No._____-cec |
| -against- | : | |
| | : | |
| **GALSTER FUNDING, LLC** | : | |
| | : | |
| Defendant. | : | |

## DEBTOR'S COMPLAINT

Plaintiff 4921 12th AVENUE LLC, Debtor in the above-captioned bankruptcy proceeding, by and through its attorney Joseph Y. Balisok of Balisok & Kaufman, PLLC, as and for its complaint against Galster Funding, LLC, alleges as follows:

## PRELIMINARY STATEMENT

1.  In this adversary proceeding, Plaintiff seeks, pursuant to 11 U.S.C. § 362(a); 11 U.S.C. 105(a), and F.R.B.P. § 7065, an Order of this Court for (a) a declaration that Defendant is in violation of the automatic stay generally and in particular with respect to Defendant's continued pursuit of a state-court contempt application; (b) an order extending and enforcing the automatic

stay and enjoying all proceedings related to the Galster Fraud Action generally and with respect to the contempt hearing in particular; (c) sanctions in the form of actual and punitive damages.

## JURISDICTION & VENUE

2. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334. This is an adversary proceeding within the meaning of 28 U.S.C. § 157. Venue is proper under 28 U.S.C. §§ 157 and 1409 because this proceeding arises under, and is in connection with, a case under 11 U.S.C. § 101, *et seq*.

3. Plaintiff consents to the entry of final orders or judgments by this Court if it is determined that this Court, absent consent of the parties herein, cannot enter final orders or judgments consistent with Article III of the U.S. Constitution.

4. This adversary proceeding is brought pursuant to Rule 7001 *et seq*. of the Federal Rules of Bankruptcy Procedure and Sections 105 and 362 of the Bankruptcy code.

## FACTUAL BACKGROUND

1. On or about December 20, 2018, the Plaintiff filed its chapter 11 bankruptcy petition with United States Bankruptcy Court for the Eastern District of New York.

2. At the time Plaintiff filed its petition and at all times thereafter, Plaintiff was and continues to be a named defendant in a state-court case styled *Galster Funding, LLC v. Yehuda Salamon, 4921 12th Avenue LLC, et. al*., commenced on November 17, 2016 under Index number 520434/2016 (the "Galster Fraud Action"). Yehuda Salamon is a co-defendant in that action, the owner of Debtor, and Debtor's principal ("Principal").

3. In Galster Fraud Action, Galster Funding, LLC ("Galster") alleges, *inter alia*, fraud by Debtor and by Debtor's Principal on Debtor's behalf.

4. At all times relevant hereto, Galster knows and has known about Debtor's bankruptcy petition since it was filed. Nonetheless, Galster has continued to pursue relief in state court against Debtor and continued to seek to exert control over Debtor's assets.

5. Galster sought to assert control over Debtor's assets by bringing a contempt application seeking a determination that certain funds belonging to the now-bankrupt estate were transferred in violation of an expired preliminary injunction.

6. The funds in question are and were, at all times relevant hereto, property of the Debtor's estate.

7. The contempt application essentially seeks judicial determinations that will have preclusive collateral estoppel effects on Debtor.

8. The contempt application further seeks to restrict or otherwise assert control over Debtor's assets and usurp this Court's jurisdiction and authority over this case.

9. To circumvent the automatic stay's restriction on asserting control over a Debtor's assets, Galster pursued the contempt application nominally against Debtor's Principal rather than against Debtor itself.

10. Galster declined to seek this Court's determination that its actions were not in violation of the automatic stay because Galster knew that its actions were indeed in violation of the stay yet it wanted to pursue the contempt application regardless.

11. In particular, the Galster knew that continuance of the contempt hearing was in violation of the automatic stay because, even though the hearing was nominally only against Debtor's principal, the application sought to control Debtor's assets.

### FIRST CAUSE OF ACTION
### Violation of the Automatic Stay

12. Plaintiff repeats and realleges paragraphs "1" through "9" with same force and effect as if fully set forth herein.

13. Under Section 362(a) of the Bankruptcy code, all proceedings and actions against Debtor were automatically stayed upon filing of Debtor's chapter 11 petition.

14. Under Section 105(a) of the Bankruptcy code, this Court has the power to extend the automatic stay to non-debtor co-defendants in Debtor's chapter 11 proceeding.

15. Defendant had knowledge of Debtor's filing of the petition in this case and that as of the petition date, Defendant was not to continue prosecuting the Galster Fraud Action against Plaintiff.

16. Notwithstanding said knowledge, Defendant intentionally, willingly, and knowingly violated the automatic stay by continuing prosecution of the Galster Fraud Action.

17. Moreover, Defendant continued to seek to exercise control over Debtor's assets. To circumvent the automatic stay, Defendant pursued the contempt application against Debtor's Principal even though the substance of the application is inextricably intertwined with the control of Debtor's assets.

18. By reason of the foregoing, the Debtor's estate has been damaged, and Debtor is thus entitled to (a) a declaration that Defendant is in violation of the automatic stay generally and with respect to Defendant's continued pursuit of the contempt application in particular; (b) an order enforcing the automatic stay and enjoining all proceedings related to the Galster Fraud Action generally and with respect to the contempt hearing in particular; (c) sanctions in the form of actual and punitive damages and attorneys' fees.

**WHEREFORE,** Plaintiff demands judgment against Defendant on the first cause of action, pursuant to 11 U.S.C. § 362(a); 11 U.S.C. 105(a), and F.R.B.P. § 7065, an Order of this

Court for (a) a declaration that Defendant is in violation of the automatic stay generally and with respect to Defendant's continued pursuit of a state-court contempt application in particular; (b) an order extending and enforcing the automatic stay and enjoying all proceedings related to the Galster Fraud Action generally and with respect to the contempt hearing in particular; and (c) sanctions in the form of actual and punitive damages and attorneys fees.

Dated:  Brooklyn, New York  
       March 19, 2019

/s/ *Joseph Y Balisok*  
Joseph Y. Balisok  
BALISOK & KAUFMAN, PLLC  
251 Troy Avenue  
Brooklyn, NY 11213  
Telephone: (718) 928-9607  
Facsimile: (718) 534-9747  
joseph@lawbalisok.com