Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
3099 Coney Island Avenue, 3rd Floor
Brooklyn, NY 11235
Tel.: (718) 513-3145
Fax: (347) 342-3156

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:                                                                 Case No.: 1-18-47256-cec
                                                                     Chapter 11

        4921 12th Avenue LLC,

                            Debtor.
----------------------------------------------------------X

## DEBTOR'S OBJECTION TO THE CHAPTER 11 PLAN AND DISCLOSURE STATEMENT FILED BY CREDITOR, GALSTER FUNDING LLC

       4921 12th Avenue LLC, the Debtor and Debtor in Possession, by and through its counsel Alla Kachan, Esq. of Law Offices of Alla Kachan, P.C., submits this objection to the Chapter 11 Plan of Reorganization and Disclosure Statement (the "Objection") with respect to the commercial property located at 4921 12th Avenue, Brooklyn, NY 11219 ("Property"). In further opposition thereof, the Debtor respectfully represents as follows:

### BACKGROUND AND PROCEDURES

       1.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§157(a)-(b) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

       2.     The Debtor is a New York corporation located at 4921 12th Avenue, Brooklyn, NY 11219. The stock of which is owned 100% or 200 shares by Yehuda Salamon.

3. On December 20, 2018 (the "Petition Date"), the Debtor file a voluntary petition with this Court for relief under chapter 11 of title 11, United States Code, 11 U.S.C. §§ 101 et seq. ("Bankruptcy Code"). Under Bankruptcy Code §§ 1107 and 1108, the Debtor retained possession of its assets and was authorized, as Debtor in possession, to continue to operate and manage its business. No official committee of unsecured Creditors has been appointed in this case.

4. On March 26, 2019, Galster Funding LLC ("Galster") filed a Proof of claim (Claim # 3) in amount of $9,480,175.00.

5. Also, on March 26, 2019, Galster Funding LLC filed a Motion to Limit the Exclusivity period for filing the chapter 11 plan and disclosure statement and conditionally approving Galster Funding LLCs proposed disclosure statement and scheduling a combined hearing on final approval of the disclosure statement and confirmation of Galster Funding LLCs proposed plan of reorganization under section 105(d)(2)(b)(vi) of the Bankruptcy Code.

6. On April 8, 2019, the Objections to Galster Funding LLC motion to terminate the exclusivity period was filed by the Debtor.

7. On April 29, 2019, the Scheduling Order was issued by the Court, directing that any proposed disclosure statement, proposed plan, and motion seeking approval of the proposed disclosure statement shall be filed on or before May 1, 2019.

8. On May 1, 2019, the Chapter 11 plan and Disclosure Statement were filed by Creditor, Galster Funding LLC.

9. Due to the inefficiency of the Debtor's legal representation at the time, a Plan was not filed before the disclosure statement deadline set by the court.

10. It must be noted, that under the small business guidelines, as dictated by 11 USC §1121, the Debtor's deadline to file would have been October 16, 2019.

11. The Debtor hereby objects to the Chapter 11 Plan and Disclosure Statement filed by Galster Funding and asserts that the confirmation of this Chapter 11 plan and approval of Disclosure Statement should be denied, and the debtor should be provided with the opportunity to submit its' own Plan of Reorganization and Disclosure Statement, which we believe is in the best interest of Creditors, the bankruptcy estate and all parties in interest.

## ARGUMENTS

12. Upon information and belief, the proposed plan lacks feasibility and contains unsubstantiated statements of material fact, and therefore should be denied.

13. Pursuant to 11 U.S.C. §1129(a)(11), the Court is required to find that "confirmation is not likely to be followed by the liquidation or the need for further financial reorganization of the debtor...." The widely accepted application of this section as stated within the Second Circuit decision of *Bayview Manhattan Mortgage and Realty Trust v Bergman (In re Bergman), 585 F.2d, 1171, 1179 (2nd Cir. 1978)*, wherein the Court stated: Under the test of feasibility, the court "used the probability of actual performance of the provisions of the plan. Sincerity, honest, and willingness are not sufficient to make a plan feasible, and neither are visionary promises. The test is whether the things which are to be done after confirmation can be done as a practical matter under the facts."

14. The bankruptcy court has an obligation to scrutinize the plan carefully to determine whether it offers a reasonable prospect of success and is workable." *In re Pizza of Hawaii, Inc., 761 F.2d 1374, 1382 (9th Cir. 1985)*. To establish feasibility, the plan proponent must demonstrate concrete evidence of a sufficient cash flow to fund and maintain both its operations and obligations under the Plan. *S &P, Inc. v. Pfeifer, 189 B.R. 173, 183 (N.D. 1995) (quoting In re SM 104 Ltd., 160 B.R. 202, 234 (Bankr. S.D. Fla. 1993))*.

15. Title 11 U.S.C. §1123(a) states that a Plan shall provide adequate means for its implementation. The absence of an adequate means of implementation demonstrates a lack of good faith under Section 1129(a)(3), thereby precluding confirmation of a Chapter 11 Plan. *In re Walker, 165 B.R. 994, 1003 (Bankr. E.D. Va. 1994)*.

16. Section 1126 (b) requires that the disclosure statement contains adequate information before the debtor can solicit acceptances of a plan of reorganization. Section 1125(a)(1) defines "adequate information" as: "of a kind, and in sufficient detail, as far as is reasonably practicable... that would enable ... a hypothetical investor of the relevant class to make an informed judgment bout the plan..." *Momentum Mfg. Corp., 25 F3d*.

17. A disclosure statement must contain adequate information for creditors and shareholders to make an informed judgment about a plan of reorganization. *See In re Scioto Valley Mortgage Co., 88 B.R. 168, 170 (Bankr. S.D. Oh. 1988)*. Accordingly, if a disclosure statement lacks "adequate information" pursuant to §1125(a)(1), so as to frustrate a hypothetical investor's informed judgement about the plan, it could late preclude the subsequent confirmation of such plan. *In re Crowthers Mccall Pattern, Inc. 120 B.R. 279, 300 (Bnkr. S.D.N.Y. 1990)*.

18. "Adequate information" is defined under 11 U.S.C. Sec. 1125(a)(1) as "information of a kind, and in sufficient detail, as far is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interest of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan."

19. Courts have denied approval of a disclosure statement where the allegations contained in the statement were "unsupported by factual information so that voting parties were

unable to independently evaluate the merits of the plan." *In re Copy Crafters Quickprint, Inc.*, 92 B.R. 973, 980 (Bankr. N. D. NY 1988) (internal citations omitted). Congress intended the disclosure statement to be the primary source of information that will allow creditors and shareholders to make informed decisions regarding the proposed plan. *In re Scioto, supra.*, citing *In re Egan*, 33 B.R. 672, 675 (Bankr. N.D. Ill 1983).

20. Here, upon information and belief, the proposed plan and disclosure statement contain unsubstantiated statements as to the accumulation of debt as well as to the alleged misconduct of the Debtor, as no accounting of the accumulated amounts are provided. Furthermore, no adequate proof of the acquisition of the claim of BCG by Old Republic National Title Insurance Company and consequently the subordination of the BCG claim have been presented by Galster Funding LLC. Furthermore, the Debtor believes both the Galster Funding and the BCG claim amounts are inaccurate, and should be afforded an opportunity to file claim objections to both claims.

21. Further, the Debtor believes that rent for the residential units are being collected by BCG, among them section 8 checks for some of the tenants and are deposited into what is upon information and belief, BCG's operating account, since the commencement of the Supreme Court action by BCG in 2016. These monies are not reflected in the proofs of claim by either of the secured creditors, and no set off for the rents collected over the last three years, are reflected in the Plan and Disclosure Statement.

22. Moreover, the Debtor is prepared to obtain a certified appraisal, by a real estate broker to be approved by all parties in interest, and subsequently make a capital infusion relative to the amount of the established value of the property.

23. Further, the Debtor is not listed in the Plan as a party in interest. However, an argument should be made, the Debtor holds an uninterrupted possessory interest in the property and should thus be classified accordingly.

24. The Debtor has filed this Chapter 11 case in good faith, and not to frustrate the collection efforts of the proponent of the plan. The Debtor filed the case to avail itself of the tools of Chapter 11 Reorganization, such as the claim objection process, to determine the correct amounts of the secured claims, to determine the validity of the assignment of the BCG claim to Old Republic National Title Insurance Company and the subsequent subordination of their claim to Galster Funding LLC. Furthermore, the Debtor seeks to obtain certified appraisal of the property in question and reach a consensual workout with both secured creditors, whereby the Debtor would make a lump sum infusion of funds, in full satisfaction of claims against the property. It is the Debtor's contention that such an infusion would be by far more beneficial to the best interest of the creditors in the case, as the property value is by the Debtor's petition, which is unopposed by Galster Funding LLC, is far less than the combined value of both contested secured claims. The Debtor is prepared to present proof of funds for such a lump sum infusion shortly, provided it is given an opportunity to do so at this time.

25. The Debtor is confident that said infusion would allow the Debtor to fund a successful, feasible plan of reorganization, that will be in the best interest of the Creditors and all parties in interest in the case.

**WHEREFORE**, for the foregoing reasons, the Debtor objects to confirmation of Chapter 11 Plan and approval of the Disclosure Statement filed by Galster Funding LLC, and respectfully

requests that confirmation and approval be denied; and any other relief which the Court deems just and proper.

Dated: Brooklyn, New York  
       May 28, 2019

LAW OFFICES OF ALLA KACHAN, P.C.

By:    /s/ Alla Kachan  
       Alla Kachan, Esq.  
       3099 Coney Island Avenue, 3rd Floor  
       Brooklyn, NY 11235  
       Tel.: (718) 513-3145  
       Fax: (347) 342-3156  
       alla@kachanlaw.com