Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
3099 Coney Island Avenue, 3rd Floor
Brooklyn, NY 11235
Tel.: (718) 513-3145
Fax: (347) 342-3156

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                                   Case No.: 1-18-47256-cec
                                                                              Chapter 11

      4921 12th Avenue LLC,

                     Debtor.
-------------------------------------------------------X

## DEBTOR'S OBJECTION TO THE CHAPTER 11 PLAN FILED BY CREDITOR, GALSTER FUNDING LLC

        4921 12th Avenue LLC, the Debtor and Debtor in Possession, by and through its counsel Alla Kachan, Esq. of Law Offices of Alla Kachan, P.C., submits this objection to the Chapter 11 Plan of Reorganization (the "Objection") with respect to the commercial property located at 4921 12th Avenue, Brooklyn, NY 11219 ("Property") filed by Galster Funding LLC (the "Creditor"). In further opposition thereof, the Debtor respectfully represents as follows:

### BACKGROUND AND PROCEDURES

    1.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§157(a)-(b) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

    2.    The Debtor is a New York corporation located at 4921 12th Avenue, Brooklyn, NY 11219. The stock of which is owned 100% or 200 shares by Yehuda Salamon.

3. On December 20, 2018 (the "Petition Date"), the Debtor file a voluntary petition with this Court for relief under chapter 11 of title 11, United States Code, 11 U.S.C. §§ 101 et seq. ("Bankruptcy Code"). Under Bankruptcy Code §§ 1107 and 1108, the Debtor retained possession of its assets and was authorized, as Debtor in possession, to continue to operate and manage its business. No official committee of unsecured Creditors has been appointed in this case.

4. On March 26, 2019, Galster Funding LLC ("Galster") filed a Proof of claim (Claim # 3) in amount of $9,480,175.00.

5. Also, on March 26, 2019, Galster Funding LLC filed a Motion to Limit the Exclusivity period for filing the chapter 11 plan and disclosure statement and conditionally approving Galster Funding LLCs proposed disclosure statement and scheduling a combined hearing on final approval of the disclosure statement and confirmation of Galster Funding LLCs proposed plan of reorganization under section 105(d)(2)(b)(vi) of the Bankruptcy Code.

6. On April 8, 2019, the Objections to Galster Funding LLC motion to terminate the exclusivity period was filed by the Debtor.

7. On April 29, 2019, the Scheduling Order was issued by the Court, directing that any proposed disclosure statement, proposed plan, and motion seeking approval of the proposed disclosure statement shall be filed on or before May 1, 2019.

8. On May 1, 2019, the Chapter 11 plan and Disclosure Statement were filed by Creditor, Galster Funding LLC.

9. On May 28, 2019 the Debtor filed the objection to Disclosure statement and plan.

10. Due to the inefficiency of the Debtor's legal representation at the time, a Plan was not filed before the disclosure statement deadline set by the court.

11. It must be noted, that under the small business guidelines, as dictated by 11 USC §1121, the Debtor's deadline to file would have been October 16, 2019.

12. The Debtor hereby objects to the Chapter 11 Plan filed by Galster Funding LLC and asserts that the confirmation of this Chapter 11 plan should be denied, and the debtor should be provided with the opportunity to negotiate the settlement agreement with its main creditors and subsequently to submit its' own Plan of Reorganization, which we believe is in the best interest of Creditors, the bankruptcy estate and all parties in interest.

## ARGUMENTS

13. Upon information and belief, the proposed plan lacks feasibility and contains unsubstantiated statements of material fact, and therefore should be denied.

14. Pursuant to 11 U.S.C. §1129(a)(11), the Court is required to find that "confirmation is not likely to be followed by the liquidation or the need for further financial reorganization of the debtor...." The widely accepted application of this section as stated within the Second Circuit decision of *Bayview Manhattan Mortgage and Realty Trust v Bergman (In re Bergman), 585 F.2d, 1171, 1179 (2nd Cir. 1978),* wherein the Court stated: Under the test of feasibility, the court "used the probability of actual performance of the provisions of the plan. Sincerity, honest, and willingness are not sufficient to make a plan feasible, and neither are visionary promises. The test is whether the things which are to be done after confirmation can be done as a practical matter under the facts."

*15.* The bankruptcy court has an obligation to scrutinize the plan carefully to determine whether it offers a reasonable prospect of success and is workable*." In re Pizza of Hawaii, Inc., 761 F.2d 1374, 1382 (9th Cir. 1985).* In determining feasibility, a bankruptcy court must find that the proposed plan is workable and has a reasonable prospect for success. *E.g., In re M & S Assocs.,*

*Ltd., 138 B.R. 845, 849 (Bankr. W.D. Tex. 1992)*. The plan proponent bears the burden to present evidence to sufficiently demonstrate that the plan has a reasonable chance of succeeding. *In re Greate Bay Hotel & Casino, Inc., 251 B.R. 213, 226 (Bankr. D.N.J. 2000).*

16. Section 1129(a)(3) of the Bankruptcy Code requires that a chapter 11 plan be "proposed in good faith and not by any means forbidden by law." *11 U.S.C. § 1129(a)(3)*. Where the plan proponent proposes the plan with the legitimate and honest purpose to reorganize and has a reasonable hope of success, the plan proponent satisfies the good faith requirement of section 1129(a)(3) of the Bankruptcy Code. *In re NII Holdings, Inc., 288 B.R. 356, 362 (Bankr. D. Del. 2002).* Thus, "good faith" should be evaluated in light of the totality of the circumstances surrounding the development of the plan. *See Platinum Cap., Inc. v. Sylmar Plaza, L.P. (In re Sylmar Plaza, L.P.), 314 F.3d 1070, 1074 (9th Cir. 2002); see also In re Madison Hotel Assocs., 749 F.2d 410, 425 (7th Cir. 1984).*

17. Title 11 U.S.C. §1123(a) states that a Plan shall provide adequate means for its implementation. The absence of an adequate means of implementation demonstrates a lack of good faith under Section 1129(a)(3), thereby precluding confirmation of a Chapter 11 Plan. *In re Walker, 165 B.R. 994, 1003 (Bankr. E.D. Va. 1994).*

18. Here, upon information and belief, the proposed plan contains unsubstantiated statements as to the accumulation of debt as well as to the alleged misconduct of the Debtor, as no accounting of the accumulated amounts are provided. Furthermore, no adequate proof of the acquisition of the claim of BCG by Old Republic National Title Insurance Company and consequently the subordination of the BCG claim have been presented by Galster Funding LLC. Furthermore, the Debtor believes both the Galster Funding and the BCG claim amounts are inaccurate.

19. Further, the Debtor believes that rent for the residential units are being collected by BCG, among them section 8 checks for some of the tenants and are deposited into what is upon information and belief, BCG's operating account, since the commencement of the Supreme Court action by BCG in 2016. These monies are not reflected in the proofs of claim by either of the secured creditors, and no set off for the rents collected over the last three years, are reflected in the Plan.

20. Further, the Debtor is not listed in the Plan as a party in interest. However, an argument should be made, the Debtor holds an uninterrupted possessory interest in the property and should thus be classified accordingly.

21. Upon information and belief, the Debtor periodically made a payment under is obligations, but this information was never mentioned.

22. In the light of foregoing, an evidential hearing is needed to ascertain all above said matters.

23. Also, currently the Debtor is working diligently to reach an agreement with Creditors. Upon information and belief, the Debtor has sent the settlement offer to its main creditors and is actively negotiating its terms in order to reach a mutual acceptable terms of claim treatment.

24. Hence, the Debtor has filed this Chapter 11 case in good faith, in order to reach a resolution with Creditors by negotiating a fair workout of terms acceptable to the parties for the treatment of the Creditors' claims and believes that it will be afforded the opportunity to reach an agreement and to provide new plan of reorganization.

25. The Debtor is confident that new feasible plan of reorganization, that will be filed by the Debtor, will be in the best interest of the Creditors and all parties in interest in the case.

**WHEREFORE**, for the foregoing reasons, the Debtor objects to confirmation of Chapter 11 Plan filed by Galster Funding LLC, and respectfully requests that confirmation be denied; and any other relief which the Court deems just and proper.

Dated: Brooklyn, New York  LAW OFFICES OF ALLA KACHAN, P.C.
July 11, 2019

By:   */s/ Alla Kachan*
      Alla Kachan, Esq.
      3099 Coney Island Avenue, 3rd Floor
      Brooklyn, NY 11235
      Tel.: (718) 513-3145
      Fax: (347) 342-3156
      alla@kachanlaw.com