UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                                                                       Chapter 11

       4921 12th Avenue, LLC                                     Case no.  18-47256-CEC

                     Debtor.
---------------------------------------------------------x

## ORDER CONFIRMING MORTGAGEE'S PLAN OF REORGANIZATION[1]

       Galster Funding LLC (the "Proponent" or the "Mortgagee") having proposed its Plan of Reorganization (the "Plan") dated May 1, 2019 for debtor 4921 12th Avenue, LLC (the "Debtor"); and the Disclosure Statement approved in connection with the Plan having been transmitted to creditors and equity security holders, and upon the Declaration in Support of Plan Confirmation of Robert Liner executed on  July 15, 2019, and upon the hearing held before this Court on July 17, 2019 (the "Confirmation Hearing"), and upon the entire record of this case, and the Court having found:  (a) that the requirements for confirmation of the Plan set forth in 11 U.S.C. 1129(a) have been satisfied at the Confirmation Hearing, and (b) that cause exists for the Court to order that the stay under Bankruptcy Rule 3020(e) shall not apply to this Order; it is

       ORDERED, that since the Debtor is a limited liability company and the Plan is a liquidating plan, paragraph 103 of the Plan providing for a discharge be, and it hereby is, deemed deleted; and it is further

       ORDERED, that paragraph 75 of the Plan is deemed amended as follows:
Unless otherwise ordered by the Bankruptcy Court, requests for payment of Administrative Claims (except for Professional Fee Claims) must be filed and served on counsel for the Debtor and Proponent by no later than ~~the Confirmation Hearing~~ thirty *five (CEC)* days after ~~this~~ *the Confirmation (CEC)* Order is entered (the "Administrative Claims Bar Date") and the Proponent shall serve, *within 3 days of entry of the Confirmation Order, (CEC)* a notice of Administrative Claims Bar Date on all parties in interest substantially in the form annexed ~~hereto~~ *to the Confirmation Order (CEC)*. Any Person that is required to file and serve a request for payment

---

[1] All terms not defined herein shall have the same meaning as in the Plan.

of an Administrative Claim and fails to timely file and serve such request shall be forever barred, estopped, and enjoined from asserting such Claim or participating in distributions under the Plan on account thereof. Objections to requests for payment of Administrative Claims (except for Professional Fee Claims and Administrative Claims incurred in the ordinary course of the Debtor's business) must be filed and served on counsel for the Debtor, Proponent, and the party requesting payment of an Administrative Claim within thirty (30) days of the date such request for payment has been filed.

ORDERED, that pursuant to sections 1129 and 1141 of the Bankruptcy Code, the Plan be, and it hereby is, confirmed; and it is further

ORDERED, that in furtherance of the Plan, the Proponent and the Plan Administrator are authorized and directed to take any and all actions contemplated to be taken by them under the Plan; and it is further

ORDERED, that in accordance with Section 1141(a) of the Bankruptcy Code, the provisions of the Plan and this Confirmation Order are binding on the Proponent, the Debtor, each Creditor, and every other party-in-interest in this case and each of their respective successors and assigns (whether or not such Creditors or parties-in-interest voted to accept the Plan, whether or not they are impaired under the Plan, and whether or not any such Holder has filed, or is deemed to have filed, a proof of Claim or proof of Interest), and any other Person giving, acquiring, or receiving property under the Plan, and any lessor or lessee of property to or from the Debtor. The rights afforded in the Plan and the treatment of all Claims and Interests therein shall be in exchange for and in complete satisfaction of all Claims and Interests of any nature whatsoever, known or unknown, including, except as expressly provided in the Plan, interest accrued on or expenses incurred in connection with such Claims from and after the Petition Date, against the Debtor or its property or interests in property; and it is further

ORDERED, pursuant to Bankruptcy Code § 1146, the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan, including, without limitation, the sale of the Property in accordance with the terms of the Plan, shall not be subject to any stamp, real estate transfer, documentary, registration, sales, added-value, mortgage release, mortgage recording, or similar tax; and it is further

ORDERED, that all entities holding Claims against or Interests in the Debtor that are treated under the Plan are hereby directed to execute, deliver, file, or record any document, and to take any action necessary to implement, consummate, and otherwise effect the Plan in accordance with their respective terms, and all such entities shall be bound by the terms and provisions of all documents executed and delivered by them in connection with the Plan; and it is further

ORDERED, in accordance with Section 1142 of the Bankruptcy Code, the Proponent and any other entity designated pursuant to the Plan, including, without limitation, the Plan Administrator, are hereby authorized, empowered, and directed to issue, execute, deliver, file, and record any document, and to take any action necessary or appropriate to implement, consummate, and otherwise effectuate the Plan in accordance with its terms, and all such entities shall be bound by the terms and provisions of all documents issued, executed, and delivered by them as necessary or appropriate to implement or effectuate the transactions contemplated by the Plan; and it is further

ORDERED, that the Debtor shall provide the Plan Administrator with (a) access to and assistance in locating any books and records of the Debtor that may reasonably be requested and (b) access to and assistance from the Debtor regarding the Debtor's books and records or factual information relevant to any Causes of Action or objections to Claims that may be brought by the Plan Administrator; and it is further

ORDERED, that the Debtor shall cooperate with any broker, auctioneer, and/or real estate professional to permit reasonable access to the Property for marketing purposes; and it is further

ORDERED, that the Proponent shall be the disbursing agent under the Plan responsible for making distributions under the Plan, and shall file a disbursement report with the Bankruptcy Court upon making such distributions, and it is further

ORDERED, that the Plan Administrator shall file, within 45 days after the date of this Order, a status report detailing the actions taken by the Debtor and the progress made toward the consummation of the Plan; and it is further

ORDERED, that the Plan Administrator shall file status reports with the Court every January 15th, April 15th, July 15th, and October 15th until a final decree has been entered closing the Debtor's chapter 11 case; and it is further

ORDERED, that the Plan Administrator shall pay to the United States Trustee all fees due and payable by the Debtor, if any, under and pursuant to 28 U.S.C. § 1930, plus all applicable interest thereon, until the Debtor's chapter 11 case is either dismissed, converted to chapter 7, or until a final decree is entered closing the Debtor's chapter 11 case, whichever is earlier; and it is further

ORDERED, the Proponent and any designee, its respective equity holders, directors, officers, employees, attorneys, financial advisors, investment bankers and other professionals have acted in good faith in connection with the Plan, this Chapter 11 Case, and the formulation and consummation of the Plan, and accordingly, has satisfied Section1125(e) of the Bankruptcy Code; and it is further

ORDERED, that except as otherwise expressly provided in the Plan, or any other Order of this Court, all persons or entities who have held, hold or may hold Claims against or Interests in the Debtor, along with their respective present and former employees, agents, officers, directors, principals and affiliates, are permanently enjoined, from and after the Effective Date, from taking any of the following actions against the Proponent and/or the Debtor's assets and/or properties with respect to such Claim or Interest (other than actions brought to enforce any rights or obligations under the Plan):

    a) commencing or continuing in any manner any action or other proceeding of any kind,

    b) enforcing, attaching, collecting or recovering by any manner or means, whether directly or indirectly, of any judgment, award, decree or order,

    c) creating, perfecting, or enforcing, in any manner, directly or indirectly, any encumbrance of any kind,

    d) asserting any right of setoff, subrogation or recoupment of any kind, or

    e) pursuing any Claim released pursuant to the Plan;

and it is further

ORDERED, that except as otherwise provided in the Plan, such injunction shall extend to any successors of the Proponent, the Debtor, and their respective properties and interests in properties. Additionally, upon the entry of this Confirmation Order, all holders of Claims and Interests and other parties in interest, along with their respective present and former employees, agents, officers, directors, principals and affiliates are hereby enjoined (from taking any actions other than by or in connection with an appeal of this Confirmation Order) to interfere with the implementation or consummation of the Plan. Unless otherwise provided in the Plan, this Confirmation Order, or a separate order of the Court, all injunctions or stays arising under or entered during the Chapter 11 cases under Sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the date of this Confirmation Order shall remain in full force and effect until the later of the Effective Date and the date indicated in the order providing for such injunction or stay; provided, however, that on the Effective Date, the stay shall be replaced to the extent provided in this Confirmation Order, with an injunction set forth in the Plan and/or Sections 524 and 1141 of the Bankruptcy Code; and it is further

ORDERED, that this Court hereby retains exclusive jurisdiction over this Order, and to hear and to determine all controversies, suits and disputes, if any, as may arise in connection with the consummation of the Plan; and it is further

ORDERED, that this Order shall not be stayed under Bankruptcy Rule 3020(e).



**Dated: Brooklyn, New York**
**July 30, 2019**

_____
**Carla E. Craig**
**United States Bankruptcy Judge**