Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
3099 Coney Island Avenue, 3rd Floor
Brooklyn, NY 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:                                                                                    Case No.: 1-18-47256-cec

    4921 12th Avenue LLC,
                                                                                      Chapter 11

                    Debtor.

----------------------------------------------------------X

## NOTICE OF MOTION SEEKING TO RETAIN COUNSEL FOR THE DEBTOR

**PLEASE TAKE NOTICE** that, pursuant to 11 U.S.C. § 327 of the US Bankruptcy Code a hearing to consider the above-captioned Debtor's motion Authorizing the Debtor, 4921 12th Avenue LLC, to retain the Law Offices of Alla Kachan, P.C. as counsel to the Debtor, (the "Motion") shall be conducted before the Honorable Carla E. Craig, United States Bankruptcy Chief Judge, on December 11, 2019 at 3:30 P.M., in the United States Bankruptcy Court for Eastern District of New York, 271-C Cadman Plaza East, Brooklyn, NY, Courtroom 3529, or as soon thereafter as counsel can be heard.

**PLEASE TAKE FURTHER NOTICE** that any objection to the within Motion must be in writing and must state with particularity the grounds of the objection. The objection must be filed with the Clerk of the Bankruptcy Court electronically at www.nyeb.uscourts.gov, and a copy of the objection must be served upon the undersigned counsel for the debtor so as to be received no later than seven (7) days before the hearing date.

Dated: Brooklyn, New York                                                                                     */s/ Alla Kachan*
           November 14, 2019                                                                            Alla Kachan, Esq.

Law Offices of Alla Kachan, P.C.
3099 Coney Island Avenue,
3rd Floor
Brooklyn, NY 11235
Tel.: (718) 513-3145

Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
3099 Coney Island Avenue, 3rd Floor
Brooklyn, NY 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

        4921 12th Avenue LLC,

            Debtor.
-------------------------------------------------------X

Case No.: 1-18-47256-cec

Chapter 11

**APPLICATION**
This application, filed by the Debtor,
seeking to retain counsel for the Debtor.

## TO THE HONORABLE CARLA E. CRAIG
## UNITED STATES BANKRUPTCY CHIEF JUDGE:

4921 12th Avenue LLC, Debtor and Debtor-in-Possession, (sometimes referred to as the "Debtor"), represents:

1. Debtor requests that this Court enter an order pursuant to 11 U.S.C. § 327, authorizing the Debtor to retain the Law Offices of Alla Kachan, P.C. (hereinafter, "Kachan Law Office"), as its attorney in this case (the "Motion").

### BACKGROUND

2. Debtor commenced its bankruptcy case with the filing of a voluntary petition under chapter 11 on December 20, 2018. See ECF Doc. No. 1.

3. Debtor has continued in the possession of its property as debtor in possession, pursuant to 11 U.S.C. §§1108 and 1109.

4. No committee of unsecured creditors has been appointed in this case.

5. This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 1334 and 157.

6. This matter is a "core proceeding" as that term is defined by 28 U.S.C. §157.

7. This district is the appropriate district to consider this Motion, pursuant to 28 U.S.C. § 1408.

## RETAINING THE KACHAN LAW OFFICE

8. Debtor desires to retain the Kachan Law Office with offices located at 3099 Coney Island Avenue, 3rd Floor, Brooklyn, New York 11235 as its attorney. Kachan Law Office is coming into the case as substitute counsel. A Notice of Proposed Stipulation By and Between Law Offices of Alla Kachan, P.C. and Balisok & Kaufman PLLC to be Substituted as Counsel of Record was filed on May 28, 2019. (ECF Doc. No. 73). We believe that the basis for said retention is that the Law Offices is qualified to conduct a Chapter 11 case of this nature based on prior experience in other cases of similar nature. The Debtor is dissatisfied with the progress of the case thus far with previous counsel and is therefore seeking to substitute counsel.

9. Debtor believes that the Kachan Law Office is well versed in the law on the matters on which it is to be retained and is qualified to perform the services needed by the Debtor in this case.

10. After conferring with the Kachan Law Office, Debtor believes that the Kachan Law Office does not hold or represent an adverse interest to the estate, and is a disinterested person.

## SERVICES TO BE RENDERED

11. Debtor believes it is necessary to retain the Kachan Law Office to render the


following services:

A) to assist Debtor in administering this case;

B) making such motions or taking such action as may be appropriate or necessary under the Bankruptcy Code;

C) to represent Debtor in prosecuting adversary proceedings to collect assets of the estate and such other actions as Debtor deem appropriate;

D) to take such steps as may be necessary for Debtor to marshal and protect the estate's assets;

E) to negotiate with Debtor's creditors in formulating a plan of reorganization for Debtor in this case.

F) to draft and prosecute the confirmation of Debtor's plan of reorganization in this case;

G) to render such additional services as Debtor may require in this case.

**TERMS OF RETENTION**

12. Debtor and the Kachan Law Office agreed to the following terms for the Kachan Law Office's compensation.

13. The Kachan Law Office shall bill the Debtor for legal services at its regular hourly rates.

14. These fees range from $200.00 per hour for clerks' and paraprofessionals' time, and $400.00 per hour for attorney time.

15. These fees are subject to change on an annual basis, and the Kachan Law Office will advise the OUST and the Court of such changes.

16. The Kachan Law Office shall also be reimbursed for its disbursements incidental

to its representing the Debtor in this case.

17. Debtor has not paid the Kachan Law Office an initial retainer as the retention application is being made post-petition. Under the Mac Troung Factors the Court determines: (1) the retainer's economic impact on the debtor's ongoing business operation; (2) the retainer's economic impact on the debtor's ability to reorganize; (3) the amount and reasonableness of the retainer; (4) the reputation of debtor's counsel; and (5) the ability of debtor's counsel to disgorge such payments at the conclusion of the case should the Court determine that the fees paid to counsel are not justified. *In re Troung, 259 B.R. 264 (Bankr. D.N.J. 2001).*

18. The post-petition retainer is feasible for the Debtor, as the payment will be made by a third party, specifically Stealth Ecommerce LTD, for which payment an appropriate Lar Dan affidavit will be submitted and therefore the post-petition retainer does not affect the Debtor's ability to pay post-petition expenses.

19. The post-petition retainer's amount is adequate and reasonable in accordance with the circumstances of the case and the scope of services which to be rendered. The fee will be instrumental in allowing the reorganize its debts.

20. The Kachan Law Office is a small Law Firm, and is not able to conduct all work necessary in the case without the retainer.

21. The Kachan Law Office is well versed in the law on the matters on which it is to be retained and has handled multiple matters, of similar nature, successfully.

22. The Kachan Law Office shall be permitted to receive the retainer compensation after the allowance of compensation by the Court.

23. The Kachan Law Office shall disgorge post-petition retainer payments at the conclusion of the case should the Court determine that the fees paid to counsel are not justified.

24.  Upon the granting of the retention application in this case, the Kachan Law Office will file a fee application for the payment of an initial retainer of $17,500.00 to be applied toward post-petition services.

25.  In the future, the Kachan Law Office shall make applications for the payment and allowance of fees and disbursements, pursuant to 11 U.S.C. §§ 330 and 331 and Fed. R. Bankr. P. 2016.

26.  No prior application has been made for the relief sought herein.

WHEREFORE, it is respectfully requested that an order be entered authorizing the retention of the Law Offices of Alla Kachan, P.C. as the Debtor's attorneys herein, pursuant to the terms stated herein, together with such other and further relief as this Court deems proper.

Dated: Brooklyn, New York
November 14, 2019

/s/ *Yehuda Salamon*
Yehuda Salamon,
Principal of 4921 12th Avenue LLC

Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
3099 Coney Island Avenue, 3rd Floor
Brooklyn, NY 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                                          Case No.: 1-18-47256-cec

                                                                                    Chapter 11
    4921 12th Avenue LLC,

        Debtor.
-------------------------------------------------------X

## DECLARATION OF PROPOSED ATTORNEY AND DISCLOSURE STATEMENT IN SUPPORT OF APPLICATION FOR RETENTION OF THE LAW OFFICES OF ALLA KACHAN, P.C. AS ATTORNEYS FOR THE DEBTOR

Alla Kachan, Esq., declares:

1. I have personal knowledge of the facts stated herein.

2. I am an attorney admitted to practice law in the State of New York and before this Court.

3. I am a member of the law firm of the Law Offices of Alla Kachan, P.C. (sometimes referred to as "Kachan Law Offices").

4. Neither I, the Kachan Law Offices, nor any member or associate of the Kachan Law Offices (insofar as I have been able to ascertain after review of this office's files and contacts via its case management system), have any connection with the Debtor, the Debtor's creditors or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee; except that:

    a.) through other, unrelated cases, I know the United States Trustee and members of his staff;

b.) the Kachan Law Office may appear in the future in cases in which one or more of said parties or their attorneys may be involved; and

5. None of these factors will diminish the quality of services that the Kachan Law Offices proposes to render for the Debtor herein or is in conflict with such proposed services.

6. Neither I, the Kachan Law Offices, nor any member, counsel or associate of the Kachan Law Offices, insofar as I have been able to ascertain, represents interests adverse to the Debtor or their estate in the matters upon which the Kachan Law Offices is to be engaged.

7. Debtor has not paid the Kachan Law Office an initial retainer as the retention application is being made post-petition. Under the Mac Troung Factors the Court determines: (1) the retainer's economic impact on the debtor's ongoing business operation; (2) the retainer's economic impact on the debtor's ability to reorganize; (3) the amount and reasonableness of the retainer; (4) the reputation of debtor's counsel; and (5) the ability of debtor's counsel to disgorge such payments at the conclusion of the case should the Court determine that the fees paid to counsel are not justified. *In re Troung, 259 B.R. 264 (Bankr. D.N.J. 2001)*.

8. The post-petition retainer is feasible for the Debtor, as the payment will be made by a third party, specifically Stealth Ecommerce LTD, for which payment an appropriate Lar Dan affidavit will be submitted and therefore the post-petition retainer does not affect the Debtor's ability to pay post-petition expenses.

9. The post-petition retainer's amount is adequate and reasonable in accordance with the circumstances of the case and the scope of services which to be rendered. The fee will be instrumental in allowing the reorganize its debts.

10. The Kachan Law Office is a small Law Firm, and is not able to conduct all work necessary in the case without the retainer.

11. The Kachan Law Office is well versed in the law on the matters on which it is to be retained and has handled multiple matters, of similar nature, successfully.

12. The Kachan Law Office shall be permitted to receive the retainer compensation after the allowance of compensation by the Court.

13. The Kachan Law Office shall disgorge post-petition retainer payments at the conclusion of the case should the Court determine that the fees paid to counsel are not justified.

14. Upon the granting of the retention application in this case, the Kachan Law Office will file a fee application for the payment of an initial retainer of $17,500.00 to be applied toward post-petition services.

15. No promises have been made to the Kachan Law offices as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code and as stated in the Debtor's Motion.

16. The Kachan Law Offices has no agreement with any other entity to share with such entity any compensation received by the Kachan Law Offices except as part of the compensation packages of the firm's professional employees and counsel for services actually rendered.

17. I am unaware of other facts which otherwise create non-disinterestedness, actual conflict, or impermissible potential for a conflict of interest. Additionally, Law Offices of Alla Kachan, P.C. utilizes computer software, which is part of calendaring system that automatically performs an extensive internal conflicts check with respect to each new client. It too did not raise any conflict with respect to The Kachan Law Offices representation of the Debtor.

18. Based on the foregoing, the Law Offices of Alla Kachan, P.C. is a "disinterested person" as that term is defined in Bankruptcy Code § 101(14).

19.     I declare the foregoing statements of fact to be true and correct under penalties of perjury, pursuant to 28 U.S.C. § 1746.

Dated: Brooklyn, New York
       November 14, 2019

                                              */s/ Alla Kachan*
                                              Alla Kachan, Esq.
                                              Law Offices of Alla Kachan, P.C.
                                              3099 Coney Island Avenue
                                              Brooklyn, NY 11235
                                              Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                                                          Case No.: 1-18-47256-cec

                                                                                                               Chapter 11

4921 12th Avenue LLC,

              Debtor.
-----------------------------------------------------------X

**ORDER GRANTING THE DEBTOR'S AMENDED APLICATION TO RETAIN THE LAW OFFICES OF ALLA KACHAN, P.C. AS COUNSEL TO THE DEBTOR**

Upon the annexed amended motion of the above-named Debtor and Debtor in possession, (sometimes referred to as the "Debtor") (the "Motion"), the declaration of Alla Kachan, Esq., dated November 14, 2019 (the "Kachan Declaration"), the "no-objection" of the Office of the United States Trustee; and it appearing that the employment of the firm of the Law Offices of Alla Kachan, P.C. ("Kachan Law Offices"), as attorneys for the Debtor is in the best interests of the Debtor's estate; and it appearing that no further notice is required, and no adverse interest being represented; and sufficient cause appearing therefor, it is

**ORDERED**, that pursuant to section 327(a) and Bankruptcy Rule 2014, the Debtor be and hereby is authorized to employ the Kachan Law Offices as its attorneys in this case, to render the services stated in the accompanying Motion and Kachan Declaration effective May 28, 2019; and it is further

**ORDERED**, that, pursuant to 327(a) compensation and reimbursement of expenses paid to the Kachan Law Offices shall only be upon application to the Court, and upon notice and a hearing, pursuant to 11 U.S.C. § 330 and 331, the Bankruptcy Rules 2014 and 2016, E.D.N.Y.L.B.R. 2014-1, the Amended Guidelines for Fees and Disbursements for Professionals

in the Eastern District of New York, and the United States Trustee Fee Guidelines; and it is further

**ORDERED**, that ten business days' notice must be provided by Kachan Law Offices to the Debtor, the Official Committee of Unsecured Creditors and the United States Trustee prior to any increases in Kachan Law Office's rates for any individual providing services to the Debtor, and such notice must be filed with the Court. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code.