**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X CASE NO: 18-47256
IN RE:


4921 12th Avenue, LLC,

                        Debtor.
-------------------------------------------------------X       CHAPTER 11

AFFIRMATION IN OPPOSITON TO THE PLAN ADMINISTRATOR
MOTION TO EVICT THE TENANTS AND TO REPLACE THE
MANAGEMENT

      On behalf of Yehuda Salamon, Dahiya Law Offices through the undersigned opposing the Plan Administrator's motion submit the following:

      The Plan Administrator, Mark Frankel ("Plan Administrator") of the confirmed plan ("Plan") in the case of 4921 12th Avenue, LLC's (the "Debtor"), wants now through his motion (the "Motion"), (1) the eviction of the occupants of the commercial space at the Debtor's property at 4917 12th Avenue, Brooklyn, New York 11219 (the "Property"), (2) the United States Marshal for the Eastern District of New York (the "US Marshal") to assist the Plan Administrator with the eviction, and (3) authorizing the Plan Administrator to replace current management of the Property with a professional third party managing agent.  He wants it all post facto.  In other words, rather than a liquidating plan, he wants to be an operating trustee running afoul of the Chapter 11 confirmed plan strictures.  The motion should be denied.  Yes, the Plan is drawn broadly. However, that broad grant of power saps the power of the plan and does not confer jurisdiction on this Court.
The plan administrator declares that,

> The Plan, in turn, provides at paragraph 90( c) that "The Plan Administrator shall have the exclusive authority and duty to implement the sale of the Property and prosecution of Causes of Action under this Plan and accordingly shall exercise such rights and obligations of the Debtor in accordance with the Plan." Under paragraph 19, "Causes of Action" means "any and all claims and causes of action of, and remedies granted to, the Debtor against any third party, including, without limitation, any avoidance claims or causes of action pursuant to sections 502,506,510,541

1

> through 545,547 through 551, and/or 553 of the Bankruptcy Code and any claims pursuant to any other statutory or common law."

Motion ¶ 34. Such wide swathes of jurisdictional arrogation does not lend any teeth to this confirmed Plan. The whole motion reels around, "under the broad grant of power," Motion ¶ 34. However, such is not the nature of legal proceeding and or the forum powers, especially in the limited jurisdiction functions of the federal courts. Jurisdiction is core aspect of adjudication. "The plan cannot confer jurisdiction upon a bankruptcy court or a federal district court ..., rather 28 U.S.C. § 1334 governs jurisdiction." It is universal and or basic to the student of the federal jurisdiction. Federal district courts, thereby the bankruptcy courts as auxiliary units to them, 28 U.S.C. 151, operate as courts of limited jurisdiction in two respects: they may hear only the matters that Congress has assigned to them and only to the extent permitted by the Constitution. Finding the plan inclusive of the jurisdictional language is redundant. See *Zerand–Bernal Group, Inc. v. Cox,* 23 F.3d 159, 164 (7th Cir.1994) (concluding that the bankruptcy court lacked jurisdiction post-confirmation to adjudicate an adversary proceeding concerning a bankruptcy sale, notwithstanding inclusion of language purporting to retain jurisdiction in the order confirming the sale and in the plan of reorganization). Simply put, the Debtor or the Plan administrator cannot "*write its own jurisdictional ticket.*" *Id.* Thus, the inquiry is if the court will have jurisdiction independent of the content of the Chapter 11 plan.

The confirmed plan does not contemplate continued operations of the debtor, rather it provides for the sale. It does not contemplate take over of the Debtor's management, rather a sale of the underlying Debtor's asset. It also did not provide for the eviction of the tenants, rather the property was being sold or to be liquidated as is. None of the relief sought in this Motion have been preserved in the confirmed plan.

The Court lacks jurisdiction--albeit a confirmed plan with sweeping jurisdictional claim. This Court within the given statutory scheme, looks at the district court jurisdictional grants, post The Bankruptcy Amendments and Federal Judgeship Act of 1984 ("BAFJA"), which was Congress' legislative response to

the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 87 (1982) (holding that the 1978 Reform Act "has impermissibly removed most, if not all, of the 'essential attributes of the judicial power' from the Art. III district court, and has vested those attributes in a non-Art. III adjunct. Such a grant of jurisdiction cannot be sustained as an exercise on Congress' power to create adjuncts to Art. III courts."). District courts have "original and exclusive jurisdiction of all cases under title 11," and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a), (b).

Does the requisitioned relief arise under title 11, or arise in or related to cases under title 11? The answer is No. Why? Because Plan Administrator is seeking two relief, one, the dispossession of the leased tenant and other the change over the management of the debtor. None was contemplated in the bankrupt plan, nor accomplished or initiated pre-confirmation. The eviction proceeding is not something that is arising in Title 11, as it would not have an existence outside of bankruptcy. *Bergstrom v. Dalkon Shield Claimants Trust* (*In re A.H. Robins Co.*), 86 F.3d 364, 372 (4th Cir.1996)). Similarly taking over the management of the company as a creditor is not thing that would not have existence out of bankruptcy case. The claim of the creditor predates the bankruptcy cannot have arisen in the bankruptcy case.

**The Lease[1]**

The premises lease (with a term exceeding 20 years) has neither been assumed nor rejected, despite the language in the confirmed Chapter 11 plan, ¶ 94 which says that "[a]ny and all pre-petition leases or executory contracts (a) not previously assume or the subject of a motion to assume pending on the Confirmation Date . . . shall be deemed rejected by the Debtor." Id Plan at 20. The lessee had no knowledge about the proceeding, nor was it listed in the bankruptcy schedule. Due process is violated by attacking the lessee now, asking for dispossession.

---

[1] I received a call and an email from the alleged tenant. Attached is the Lease. He claims that he had no knowledge about it.

**The management Issue**

The Plan Administrator is now vying for management control, which again was something that should have been done pre-confirmation of the plan. Once the plan was confirmed. Under 11 U.S.C. § 1141(b), "the confirmation of a plan vests all of the property of the estate in the debtor." See also *In re Ice Cream Liquidation, Inc.,* 319 B.R. 324, 333 (Bankr.D.Conn.2005)(debtor-in-possession status, along with the relevant powers of a trustee, "ceases on the effective date of a confirmed plan"). No such power to change the management etc. was contemplated by the confirmed plan. "After confirmation of a plan, the ability of the [debtor] to enforce a claim once held by the estate is limited to that which has been retained in the plan." *In re Paramount Plastics, Inc.,* 172 B.R. 331, 333 (Bankr.W.D.Wash.1994); *see also In re Tex. Gen. Petrol. Corp.,* 52 F.3d 1330, 1335 n. 4 (5th Cir.1995) (citing *Harstad v. First American Bank,* 39 F.3d 898, 901–02 (8th Cir.1994). The plan contemplated sale of the asset and no where did it contemplate that it is going to take over and run the place, as an operating trustee. "For a debtor to preserve a claim, "the plan must expressly retain the right to pursue such actions. The reservation must be specific and unequivocal." *In re United Operating, LLC,* 540 F.3d 351, 355 (5th Cir. 2008) (quoting <u>Harstad,</u> 39 F.3d at 902). If a debtor has not made an effective reservation, the debtor has no standing to pursue a claim that the estate owned before it was dissolved." *In re United Operating* at 355.

The plan is a liquidating plan. That is what the Plan Administrator do. Now he wants to be an operating trustee to enhance the value of the estate etc. The plan administrator also recites some assumptions and conjectures which are completely unrelated to the asked for relief. Based on the foregoing, it is respectfully submitted that the Court deny the motion of the Plan Administrator.

Dated: January 17, 2020
New York NY                                            /s/_____
                                                              Karamvir Dahiya