UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:

    4921 12TH AVENUE, LLC

                  Debtor.
--------------------------------------------------------X

Chapter 11

Case No.: 18-47256-jmm

# ORDER APPROVING SALE OF PROPERTY

A Chapter 11 Plan **[ECF No. 51] (JMM)** (the "Plan") for 4921 12th Avenue, LLC (the "Debtor") having been confirmed by order of the Court dated July 30, 2019 **[ECF No. 91] (JMM)** ("Confirmation Order"), and the Plan having provided for the sale of the real property at 4917 12th Avenue, Units C1 and R1, Brooklyn, New York 11219 (the "Property"); and Mark Frankel, as Plan Administrator (the "Plan Administrator") having moved by application **[ECF No. 228] (JMM)** (the "Application") dated August 18, 2022 for entry of an order approving the sale of the Property (the "Sale") to Yisroel Blackman (the "Purchaser"); and based upon the Application, the hearing held on August 31, 2022, and all prior pleadings and hearings held in this case, the Court having found that: (a) the Sale is ~~at~~ **(JMM)** an arms-length transaction, non-collusive, fair and reasonable, and conducted openly and in good faith in accordance with the Plan, the best interests of the Debtor, its estate, and creditors, (b) the Purchaser is a good faith purchaser within the meaning of Bankruptcy Code § 363(m) and, as such, is entitled to the full protection of Bankruptcy Code § 363(m) or similar provisions of law, and (c) the Sale of the Property to the Purchaser was not controlled by an agreement among potential purchasers in violation of Bankruptcy Code § 363(n), it is hereby:

**ORDERED**, that in furtherance of the Plan, the Plan Administrator is ~~directed~~ **authorized (JMM)** to sell, transfer, and convey the Property to the Purchaser for the purchase price of

$6,800,000.00 free and clear of all liens, encumbrances, interests, and commercial leases, with all such liens, claims, encumbrances, and interests to attach to the proceeds of sale; and it is further

**ORDERED**, that the Purchaser is a good faith purchaser within the meaning of Bankruptcy Code § 363(m) and, as such, is entitled to the full protection of Bankruptcy Code § 363(m) or similar provision of law; and it is further

**ORDERED**, that at the closing of the Sale, the Debtor be, and hereby is, directed to (a) execute and deliver such documents (collectively, the "Closing Documents") as may be **reasonably (JMM)** necessary for the Plan Administrator to close the Sale of the Property to the Purchaser as set forth in the Plan, and (b) turnover to the Purchaser the Property, and all books, records, files, and other documents relating to the Property; and it is further

**ORDERED**, **upon the closing of the Sale and the distribution of the proceeds of the Sale in accordance with this Order**, ~~that~~ **(JMM)** the Plan Administrator be, and hereby is, authorized ~~and directed~~ **(JMM)** to execute, in the name of any necessary party (including the Debtor), any transfer documents, notice of satisfaction, release or discharge of any lien, claim, or encumbrance, or interest not expressly preserved in the Plan and this Order, and to deliver such notices to any and all federal, state, and local governmental agencies or departments for filing and recordation; and it is further

**ORDERED**, that the Kings County Clerk is hereby authorized and directed to record the necessary deeds and all other documents as so executed**, subject to any recording fee (JMM)**; and it is further

**ORDERED**, that pursuant to Bankruptcy Code § 1146, the delivery of the deeds to be issued pursuant to Sale and the Plan shall be made in implementation of the Plan, and qualify for the transfer tax exemption under Bankruptcy Code § 1146(a), such that the filing of said deeds

shall not be subject to payment of any State (TP 584) transfer tax, a stamp tax, or similar tax; and it is further

**ORDERED**, that each and every federal, state, and local governmental agency or department shall be authorized to accept and record any and all documents and instruments necessary, useful, or appropriate to effectuate, implement, and consummate the transactions contemplated by the Plan including, but not limited to, any and all notices of satisfaction, release, or discharge of any lien, claim, encumbrance, or interest not expressly preserved by the Plan; and it is further

**ORDERED**, that the Plan Administrator escrow $650,000.00 at closing to cover estate administrative expenses, and of that $650,000.00, the Plan Administrator shall maintain no less than $325,000 in reserve to cover potential vendor claims against the Debtor's estate relating to inventory and personal property in the Property, subject to further order of the Court; and it is further

**ORDERED**, that the Plan Administrator provide a copy of the Sale closing statement to the United States Trustee within two (2) weeks after the Sale closes; and it is further

**ORDERED**, that this Court hereby **may (JMM)** retain exclusive jurisdiction over this Order, and to hear and to determine all controversies, suits, and disputes, if any, as may arise in connection with the Order.



**Dated: Brooklyn, New York**
**September 1, 2022**

_____
**Jil Mazer-Marino**
**United States Bankruptcy Judge**